(No. 11485.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN STOYAN, Plaintiff in Error.

*Opinion filed October 23, 1917.*

1. CRIMINAL LAW—*indictment must allege all facts necessary to constitute the crime charged.* An indictment or information must allege all the facts necessary to constitute the crime with which a defendant is charged, and if it does not set forth such facts with sufficient certainty it will not support a conviction.

2. SAME—*when insertion of wrong name in indictment cannot be presumed a clerical error.* In an indictment charging that the defendant, John Stoyan, made an assault with a deadly weapon "in and upon one John Stoyan with intent then and there to inflict upon the person of said Thomas Korshak a bodily injury," it cannot be presumed that the insertion of the name of John Stoyan was a clerical error but it must be assumed that he was another and different person than the defendant, although bearing the same name.

3. SAME—*intent is the gravamen of the crime of assault with a deadly weapon.* The intent is the *gravamen* of the crime of assault with a deadly weapon, and it must be both alleged and proved that the assault was made with the intent to inflict a bodily injury upon the person assaulted.

4. SAME—*allegation of an assault upon one with intent to inflict bodily injury upon another is not sufficient.* An allegation that the defendant made an assault upon one person with intent to inflict bodily injury upon another is not sufficient to charge the defendant with the commission of the crime of assault with a deadly weapon.

5. APPEALS AND ERRORS—*when a constitutional question is presented though not raised in the trial court.* Where a constitutional

question does not arise until after the entry of judgment, so that there is no opportunity to present it in the trial court, it may be presented in the Supreme Court on writ of error.

CARTER, C. J., dissenting.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN A. SWANSON, Judge, presiding.

THOMAS E. SWANSON, CHARLES P. R. MACAULAY, and ARNOLD M. EHRLICH, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and C. W. MIDDLEKAUFF, (GEO. C. BLISS, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, John Stoyan, on a plea of guilty to an information filed in the municipal court of Chicago, was sentenced to serve one year in the Illinois State reformatory and adjudged to pay a fine of one dollar and costs. He has sued out this writ of error to have the record of the municipal court reviewed.

The information charged that the plaintiff in error, on April 27, 1917, in the county of Cook, "did then and there with a certain instrument commonly called a revolver, said revolver being a dangerous and deadly weapon, without any considerable provocation whatever and under circumstances showing an abandoned and malignant heart, unlawfully, willfully and maliciously make an assault in and upon one John Stoyan with intent then and there to inflict upon the person of said Thomas Korshak a bodily injury, contrary to the statute in such case made and provided and against the peace and dignity of the People of the State of Illinois." One of the contentions made is that the information does not charge the crime of assault with a deadly weapon, for which offense plaintiff in error was sentenced. By the Criminal Code this offense is defined to be an assault

with a deadly weapon, instrument or other thing with an intent to inflict upon the person of another a·bodily injury, where no considerable provocation appears or where the circumstances of the assault show an abandoned or malignant heart. It is fundamental that an indictment or information must allege all the facts necessary to constitute the crime with which a defendant is charged. An indictment or information that does not set forth such facts with sufficient certainty will not support a conviction. The information in this case charges that plaintiff in error made an assault upon John Stoyan with intent to inflict bodily injury upon the person of Thomas Korshak. It cannot be presumed that the insertion of the name of John Stoyan was a clerical error, but it must be assumed that he was another and different person than the plaintiff in error although bearing the same name. The intent is the *gravamen* of this offense and must be specifically charged. In a prosecution for this offense it must be both alleged and proved that the assault was made with the intent to inflict a bodily injury upon the person assaulted. It is not sufficient to charge that plaintiff in error had made an assault upon John Stoyan in order to constitute this offense, but it is also necessary that it be charged that at the time he intended to inflict a bodily injury upon him. The allegation that plaintiff in error made an assault upon Stoyan with intent to inflict bodily injury upon the person of Korshak is not sufficient to charge plaintiff in error with the commission of the crime of assault with a deadly weapon. (*State v. Mulhall,* 199 Mo. 202.) Whether the information is sufficient to charge a simple assault is not urged on the part of the People.

Plaintiff in error contends that the Reformatory act of 1891, under which he was sentenced upon his plea of guilty, is unconstitutional, and the only question raised or discussed on the part of the People is that this court has no jurisdiction, and that the cause should be transferred to the Ap-

pellate Court for the reason that the constitutional question was not raised in the court below. The constitutional question did not arise until the entry of judgment, and plaintiff in error therefore had no opportunity to raise the question in the trial court. The constitutional question is fairly raised, but as the information is wholly insufficient it will not be necessary to pass upon it.

The judgment of the municipal court is reversed.

*Judgment reversed.*

Mr. CHIEF JUSTICE CARTER, dissenting.