## Abstract of the Decision.

1. THEATERS AND SHOWS, § 4*—*what are requisites of petition for writ of mandamus to compel issuance of permit to exhibit photoplay.* To entitle a petitioner to a writ of mandamus to compel the issuance of a permit to exhibit a photoplay, it is merely necessary to aver facts to show that the photoplay met every requisite of the ordinance under which the license was sought and that the license was arbitrarily or capriciously refused.

2. MANDAMUS, § 190*—*when judgment reversed.* Where the trial court has disregarded the material issues of fact in mandamus proceedings, the judgment will be reversed.

---

## The People of the State of Illinois, Defendant in · Error, v. Frank Kasker, Plaintiff in Error.

### Gen. No. 23,517.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed March 12, 1918.

## Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Frank Kasker, defendant, charging defendant with unlawfully driving an automobile upon a street in the absence of the owner of the automobile and without his consent, in violation of Rev. St. ch. 121, sec. 2690 (J. & A. ¶ 10015). To reverse a judgment finding him guilty, defendant prosecutes this writ of error.

O. J. C. WRAY and WILLIAM A. GORDON, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 1*—*when information charging use of motor vehicle without owner's consent is insufficient.* An information which charges a violation of Rev. St. ch. 121, sec. 2690 (J. & A. ¶ 10015), prohibiting the use of a motor vehicle on a street in the absence of the owner and without his consent, is insufficient where it fails to allege the ownership of the vehicle.

2. INDICTMENT AND INFORMATION, § 39*—*when name of person injured must be stated.* In indictments and informations for offenses against persons or property, the name of the person injured must be stated to enable defendant to plead either a former acquittal or conviction.

3. CRIMINAL LAW, § 409*—*when question not clearly shown by record to have been raised below may be raised on writ of error.* Even though the record does not show that the question that an information charging a violation of Rev. St. ch. 121, sec. 2690 (J. & A. ¶ 10015), was insufficient for failure to allege ownership of the vehicle was directly raised in the court below, the question may be raised on a writ of error when it appears from the face of the record that the judgment cannot possibly stand.

4. CRIMINAL LAW, § 599*—*when case remanded for amendment of information.* Where plaintiff in error did not question the sufficiency of the information below, in which the defect could have been remedied by amendment, the cause should be remanded for opportunity to amend.

5. CRIMINAL LAW, § 497*—*what presumed in absence of bill of exceptions.* On a writ of error to reverse a judgment of guilty as charged in an information, it may be presumed, in the absence of a bill of exceptions, that plaintiff in error was guilty of the offense charged.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.