## The People of the State of Illinois, Defendant in Error, v. Tony Blue, Plaintiff in Error.

### Gen. No. 26,690.

1. AUTOMOBILES AND GARAGES—*charge of unlawful "taking" and "using" as charge of unlawful "driving" or "operating."* As to whether the words "take" and "use" in an information for violating section 30 of the Illinois Motor Vehicle Law, in force January 1, 1920 (Cahill's Ill. St. ch. 95a, ¶ 31), could be construed to mean the same as the words "drive" or "operate" in the statute, *quære.*

2. INDICTMENT AND INFORMATION—*sufficiency of allegation charging violation of Motor Vehicle Law.* An information charging the use and taking of an automobile without the consent of the owner or any person having the care, custody and control of the same, in violation of section 30 of the Illinois Motor Vehicle Law, in force January 1, 1920 (Cahill's Ill. St. ch. 95a, ¶ 31), was fatally defective in failing to state either the name of the owner of the

vehicle, or that it was driven upon a "street or highway of this State," or "in the absence of the owner."

3. INDICTMENT AND INFORMATION—*what sufficient to charge unlawful driving and operating of another's automobile.* No complete offense was stated in an information based upon a violation of section 30 of the Illinois Motor Vehicle Law, in force January 1, 1920 (Cahill's Ill. St. ch. 95a, ¶ 31), prohibiting the driving or operation of a motor vehicle in the absence of the owner without his consent, without allegations covering the requisite statutory ingredients that the driving or operation should be in the absence of the owner, as well as without his consent, and on a street or highway of the State.

4. INDICTMENT AND INFORMATION—*requisites as to allegation of facts.* It is fundamental that an indictment or information must allege all the facts necessary to constitute the crime with which a defendant is charged, and if it does not set forth such facts with sufficient certainty, it will not support the conviction.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Reversed. Opinion filed November 1, 1921.

MILES J. DEVINE, for plaintiff in error.

ROBERT E. CROWE, EDWARD E. WILSON and HENRY T. CHACE, JR., for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from a conviction upon an information charging plaintiff in error "did unlawfully, wilfully and maliciously take and use an automobile without the consent of the owner, or of any person having the care, custody or control over the same," in violation of section 30 of the Illinois Motor Vehicle Law, in force January 1, 1920. (Cahill's Ill. St. ch. 95a, ¶ 31.)

Section 30 of the Motor Vehicle Act referred to provides that: "No chauffeur or other person shall drive or operate any motor vehicle or motor bicycle upon

any street, or highway in this State in the absence of the owner of such motor vehicle or motor bicycle without said owner's consent''; and provides a penalty for the violation of such provision.

Even if we construe the words ''take'' and ''use'' in the information to mean the same as the words ''drive'' or ''operate'' in the statute, nevertheless the information is defective in that it does not name the owner of the vehicle (*People v. Kasker,* 209 Ill. App. 597) nor allege that it was driven or operated upon a ''street or highway of this State,'' or ''in the absence of the owner.'' The offense is one created by statute which expressly requires as ingredients thereof that the driving or operation of the car shall be ''in the absence of the owner'' as well as without his consent, and on a ''street or highway of this State.'' There is no complete offense stated without allegations covering all the ingredients required by the statute to constitute one. In the absence of such allegations the information is clearly insufficient to support the judgment; for it is fundamental that an indictment or information must allege all the facts necessary to constitute the crime with which a defendant is charged, and if it does not set forth such facts with sufficient certainty it will not support the conviction. (*People v. Picard,* 284 Ill. 588; *People v. Stoyan,* 280 Ill. 300; *Klawanski v. People,* 218 Ill. 481; *People v. Kasker, supra.*)

Accordingly the judgment will be reversed.

*Reversed.*

GRIDLEY, P. J., and MORRILL, J., concur.