(No. 15090.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK MCGOVERN, Plaintiff in Error.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. CRIMINAL LAW—*crime of receiving stolen property includes goods stolen in another State.* An indictment which charges the defendant with receiving property in Illinois which was stolen in a foreign State is not subject to the objection that it states no offense, as it is not material to the crime whether the property was stolen in Illinois or elsewhere.

2. SAME—*when defendant cannot complain of parol evidence of conviction of witness.* One who has been convicted of the crime of receiving stolen property cannot object, on review, that the oral testimony of the thief as to his own conviction of the larceny was improper because such conviction should have been shown by the record, where no such objection was made during the trial.

3. SAME—*when a witness may be questioned as to transactions with defendant.* It is proper to inquire of a witness, in order to show his bias or prejudice, as to his relations with the accused and his interest in the suit, as such matters are not collateral.

4. SAME—*when questioning witness as to signing bond for defendant is not error.* In a prosecution for receiving a stolen automobile knowing that it was stolen, it is not error to ask a witness who is testifying in the defendant's behalf and to whom the defendant claims he sold the car, whether he had signed a bond for the defendant in the Federal court, where nothing is shown to indicate that the bond was given in a criminal proceeding. (*People* v. *Bush,* 300 Ill. 532, distinguished.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ROCCO DESTEFANO, and FRANK MIRABELLA, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error, Frank McGovern, was found guilty by a jury at the April term, 1922, of the criminal court of Cook county, of the crime of receiving stolen property. This writ of error has been sued out to reverse the judgment entered on such verdict.

It appears from the record that Emmett Lowe, a prisoner in the State penitentiary of Missouri, testified for the State in this case that he was sent to that prison for stealing the car in question; that on August 10, 1920, he met at the Federal Hotel, in Kansas City, one Glade, who had a Hudson automobile with Missouri license plates on it; that witness and Glade drove to Chicago in this car and stopped there at a building known to the witness as Rensberger's place, near Thirty-eighth street, on Cottage Grove avenue; that he had previously lived in Chicago, and that while stopping at Rensberger's place he met William Armstrong, and shortly thereafter Armstrong introduced McGovern to Glade, and also told McGovern that he knew the witness, Lowe; that Glade was dressed at that time in an army lieutenant's uniform. There is some testimony in the record by Lowe that Glade asked McGovern $800 for the car; and that McGovern said that he could not pay that much but finally bought the car from Glade for $500. McGovern and Armstrong testified that Glade wanted $2000 for the car, and that McGovern would not pay that much but finally agreed with Glade to pay him $1500 in cash. McGovern testified that Glade gave him a receipt for the money paid for the car and stated that the car was free of all liens and mortgages.

There is considerable evidence in the record not in entire harmony, a part of which was objected to by plaintiff in error, as to the value of the car. The testimony shows that McGovern drove the car about Chicago for some time, driving it, among other places, to some of the police stations,

where the officers saw it, and he testified that about three weeks after he bought it he sold the car to Dan Morrison, who had been in the restaurant business for a long time in Chicago, for $1200; that Morrison used the car for some time, using thereon a license plate that had been on a Marmon, although this car is a Hudson Super-six. Some time in September, after the car had been used by Morrison for a time, the police inquired of him and of McGovern as to the history of the car, and the testimony tends to show that McGovern told the police that he had bought the car from an ex-army officer for $1500.

It is argued by counsel for plaintiff in error that reversible error was committed in the trial of the case (1) because the receiving of goods in Illinois that were stolen in a foreign State does not constitute the crime of receiving stolen property; (2) because of the admission of incompetent evidence offered by the prosecution and the exclusion of competent evidence offered by the defendant; (3) because of the alleged misconduct of the State's counsel, which prejudiced the defendant and deprived him of a fair trial; and (4) because the verdict is contrary to the evidence, and there is a reasonable doubt, on the record, of the defendant's guilt.

It is argued by counsel for plaintiff in error that under the common law authorities it is not a crime to receive stolen property in a State other than that in which it was stolen, unless the laws of the State in which the property is received make it a crime to bring stolen property into the State. Counsel for the State argue that under section 399 of the Criminal Code (1 Hurd's Stat. 1921, p. 1149,) it is provided that where property is stolen in another State or county and brought into this State, or is stolen in one county of this State and carried into another, the jurisdiction shall be in any county into or through which the property may have passed or where the same may be found; that under this statute the bringing of stolen property from one State

into another makes the person so bringing it liable for larceny, and therefore, under the authorities, in a jurisdiction where the bringing of stolen goods from another jurisdiction is regarded a new larceny, a receiver in that jurisdiction will be held liable to indictment. (24 Am. & Eng. Ency. of Law,—2d ed.—46.) Larceny is a continuing offense, regardless of where the property is brought, and one charged with receiving stolen property in this State is guilty although the property may have been stolen elsewhere.

It is further argued by counsel for plaintiff in error that Emmett Lowe was permitted to testify as to his conviction of larceny, and it is argued that such a conviction could only be properly shown by the record thereof. No such objection is found in the record in the trial of this case, and the objection, therefore, cannot be taken advantage of in this court.

It is shown by the evidence that W. A. Elgin, of Ferrelview, Missouri, had purchased this car originally from Ezra Knighton, an agent of the Hudson company, and that he had insured the car, and both Knighton and the insurance agent were allowed to testify as to the value of the car. The testimony of these witnesses tended to show that it was worth $2000 or more. Plaintiff in error did not testify that the car was not stolen, and he did not offer any evidence on the trial, by himself or other witnesses, to show that the car was not worth substantially $2000. The sole contention of plaintiff in error on the trial in the criminal court seems to have been that he bought the car as an innocent purchaser for value in the belief that the seller had good title, and we cannot see how he would be prejudiced by this testimony of the Missouri witnesses as to the value of the car.

It is strongly insisted that the attorney for the State committed prejudicial error in his cross-examination of the witness Morrison, who testified on behalf of plaintiff in error. The State's attorney, when examining Morrison, asked

him many questions with reference to his going on bonds for plaintiff in error in some other matters, and it is insisted, under the holding of this court in *People* v. *Bush,* 300 . Ill. 532, that in so doing he committed reversible error. In this last case it was plainly shown that the questions asked by counsel for the State referred to other crimes committed by the accused. It is clear from reading the record in this case that from the questions asked of Morrison no inference could be drawn that the plaintiff in error had committed any other offense. Morrison was asked if he had not signed a bond for the plaintiff in error in the Federal court, but there is nothing shown in the abstract to indicate whether that bond was in a civil or a criminal proceeding. The questions asked of Morrison by the State indicated that the State was of the opinion that he had gone on plaintiff in error's bond in this case because instead of the automobile being sold to Morrison by McGovern, as he testified, it was given by McGovern to Morrison to secure him in going on McGovern's bond. It is perfectly proper to inquire of a witness, in order to show his bias or prejudice, as to his relations with the accused and his interest in the result of the suit. (1 Wharton on Crim. Evidence,— 10th ed.—sec. 477; *Ross* v. *State,* 71 Tex. Crim. 493.) It has been said that the feelings of bias and relationship of the witness are never collateral. (Underhill on Crim. Evidence,—2d ed.—sec. 222.) The testimony of the plaintiff in error and Morrison as to their transactions with reference to the car in question was not entirely consistent in every respect, and therefore it was permissible to examine them in detail as to such transactions. The questioning of Morrison as to whether or not he had transgressed the law in other particulars not connected with this crime was improper, but when objections were made to such questions they were promptly sustained by the trial judge. While we think counsel for the State is subject to criticism as to some of his questions asked of Morrison, we do not think preju-

dicial error was committed against plaintiff in error by any of these questions.

It is also contended that the verdict is contrary to the evidence. While the evidence is not entirely consistent in every respect, the question of plaintiff in error's guilt as to receiving stolen property was peculiarly one for the jury. Taking the entire record together and considering it in the light most favorable to the plaintiff in error, we cannot say that the jury and the trial court were not justified in finding plaintiff in error guilty of receiving stolen property.

Finding no reversible error in the record, the judgment of the criminal court will be affirmed.

*Judgment affirmed.*

---

(No. 14961.—Judgment affirmed.)
THE PEOPLE *ex rel.* The Chicago Title and Trust Company, Appellee, *vs.* A. J. KOWALSKI *et al.* Appellants.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*