## The People of the State of Illinois, Defendant in Error, v. Harry Ribstein, Plaintiff in Error.

### Gen. No. 29,162.

1. HIGHWAYS AND STREETS—*inapplicability of Motor Vehicle Act, § 22 to unintentional act of inexperienced driver.* Section 22 of the Motor Vehicle Act, Cahill's Ill. St. ch. 95a, ¶ 23, is intended as a regulation of the speed of automobiles on highways and was not applicable to the act of a green driver in backing his car upon the sidewalk by mistake.

2. HIGHWAYS AND STREETS—*sufficiency of information for violation of Motor Vehicle Act.* An information, under a section of the Motor Vehicle Act which relates solely to the speed of automobiles, which merely charged that defendant drove an automobile not having proper regard to traffic and the use of the roadway so as to endanger the life or limb or injure the property of any person, was too indefinite and indeterminate to charge defendant with the statutory crime created by the statute.

3. HIGHWAYS AND STREETS—*necessity of proof by People of date of offense in prosecution under Motor Vehicle Act.* In a prosecution for violation of the Motor Vehicle Act, it was incumbent upon the prosecution to prove that the alleged offense was committed within the statutory period of eighteen months from the filing of the information, and where the record fails to disclose the date on which the offense was committed a conviction will be reversed.

The People v. Ribstein, 234 Ill. App. 440.

Error by defendant to the Municipal Court of Chicago; the Hon. ROBERT E. GENTZEL, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Reversed. Opinion filed October 20, 1924.

BLAIR & PETERSON, for plaintiff in error; J. D. PETERSON, of counsel.

ROBERT E. CROWE, EDWARD E. WILSON and CLYDE C. FISHER, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant was found guilty by the court of violating section 22, ch. 95a, of the Illinois statute regulating motor vehicles [Cahill's Ill. St. ch. 95a, ¶ 23], and was fined $100.

Defendant was learning to drive an automobile which he had purchased about four days before the accident. In company with an experienced driver who was instructing him, he attempted to turn around on Chicago avenue in Chicago, but through lack of skill, instead of going forward as he intended he accidentally placed the car in reverse and backed slowly up over a six-inch curbing onto the sidewalk, damaging a baby carriage.

The information charged that the defendant did, in Chicago, Illinois, "upon a public highway situated within the corporate limits of the city aforesaid, drive a motor automobile and not having proper regard to the traffic and the use of the way so as to endanger the life or limb or injure the property of any person. At, to wit, 4041 Milwaukee avenue, Chicago, Illinois, in violation of section 22 of chapter 95a of the Revised Statutes of Illinois otherwise known as the Illinois Motor Vehicle Law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the

State of Illinois." It is a fundamental principle that an information charging a crime must allege all the facts necessary to constitute the crime with which the defendant is charged. *People v. Picard,* 284 Ill. 588. In *People v. Blue,* 222 Ill. App. 255, information charging violation of the Illinois Motor Vehicle Act, it was held that no complete offense was stated without allegations covering all the ingredients required by the statute to constitute one.

The first sentence of section 22 of the Motor Vehicle Act is: "No person shall drive a vehicle of the first division as described in section 2 of this Act, upon any public highway in this State at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person." The rest of the section states what rates of speed of a motor vehicle under certain circumstances and surroundings shall be prima facie evidence that the person operating such vehicle is running at a rate of speed greater than is reasonable and proper under the circumstances. By section 43 of this Act [Cahill's Ill. St. ch. 95a, ¶ 48] penalties may be imposed upon persons convicted of "wilfully violating the provisions of this Act." Reading the entire section leads to the conclusion that it was intended as a regulation of the speed of automobiles on the highways. This was the view expressed in *People v. Beak,* 291 Ill. 449, where it was said that if the only provision of the section were its first sentence, the construction of the statute would be subject to conjecture as being general and indeterminate in its terms. The section was further construed in *Morrison v. Flowers,* 308 Ill. 189, as a speed regulation.

The information here makes no charge with reference to speed and only charges in general terms that defendant drove an automobile not having proper regard to traffic and the use of the roadway so as to

endanger the life or limb or injure the property of any person. This is entirely indefinite and indeterminate to charge defendant with the crime created by the statute in question.

The information does not charge any wilful violation of the act, which is necessary under section 43 before there can be a conviction and punishment.

It is unnecessary to the disposition of this case to construe section 22 as limited exclusively to the question of speed, but we are holding that it does not apply to a mistake of a green driver unintentionally made by him while learning to operate an automobile under the instant circumstances.

Another point which would compel a reversal is that the record fails to disclose the date on which the alleged offense was committed. It was incumbent upon the prosecution to prove that it was committed within the statutory period of eighteen months from the filing of the information.

Holding as we do, that the statute does not apply to the circumstances of this case, the judgment is reversed.

*Reversed.*

MATCHETT and JOHNSTON, JJ., concur.