(No. 16215.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MORTON GREENE, Plaintiff in Error.

*Opinion filed February 17, 1925.*

CRIMINAL LAW—*constitutional question must have been raised in trial court to warrant direct review of misdemeanor.* A judgment of conviction of a misdemeanor cannot be reviewed by the Supreme Court on the ground that a constitutional question is involved unless that question was in some manner presented to the trial court for decision.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding.

I. B. PERLMAN, (ISIDORE GOODMAN, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, ALBERT D. RODENBERG, VIRGIL L. BLANDING, and EDWARD C. FITCH, (HENRY T. CHACE, JR., EDWARD E. WILSON, and HARRY E. SMOOT, of counsel,) for the People. .

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

An information was filed against plaintiff in error, Morton Greene, in the municipal court of Chicago, charging that on April 1, 1924, in the city of Chicago, he received, hired, employed, used and exhibited as singers and dancers,

Ruth Weiss, Sylvia Weiss and Ethel Page, minors under the age of fourteen years, in violation of section 42a of the Criminal Code. (Hurd's Stat. 1921, p. 1060.) Upon a trial before the court without a jury the plaintiff in error was found guilty of unlawfully exhibiting children under the age of fourteen years as singers and dancers and sentenced to pay a fine of $100 and costs. This writ of error has been sued out of this court direct to the municipal court of Chicago.

The punishment for violation of that section of the act is by a fine of not less than $5 nor more than $200. The offense the plaintiff in error is charged with having committed is therefore a misdemeanor, and no jurisdiction lies in this court to review such a case on writ of error direct to the trial court.

The reason for suing this writ of error out of this court direct to the municipal court is claimed by plaintiff in error to be, that a constitutional question is involved because the above section of the statute is unconstitutional and void, in that section 13 of article 4 of the State constitution was not complied with by the legislature in amending the act of 1877 by the act of 1895. An examination of the record does not disclose that the question of the constitutionality of the act was presented to the trial court for its decision. No motion or ruling was asked which called upon the trial court to pass upon that question. The rule is well settled that a case cannot be brought to this court by writ of error upon the ground that a constitutional question is involved unless that question was in some manner presented to the trial court for decision. *People* v. *Pierce,* 296 Ill. 327, and cases there cited.

This court has no jurisdiction of the case, and it will be transferred to the Appellate Court for the First District.

*Cause transferred.*