(Nos. 21173, 21174, 21192.-)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH H. GARRISON, Plaintiff in Error.—Same Defendant in Error *vs.* WALTER STROH, Plaintiff in Error.—Same Defendant in Error *vs.* MERLE STUMP, Plaintiff in Error.

*Opinion filed June 24, 1932.*

J. D. Templeman, for plaintiffs in error.

Oscar E. Carlstrom, Attorney General, Wallace A. Walker, State's Attorney, and J. J. Neiger, for the People.

Mr. Justice DeYoung delivered the opinion of the court:

Three informations charging Joseph H. Garrison, Walter Stroh and Merle Stump with violations of the Prohibition act by making sales of intoxicating liquor containing more than one-half of one per cent of alcohol by volume and fit for beverage purposes, the sales having been made without the requisite permits from the Attorney General, were filed in the county court of McDonough county. The defendant in each case waived a trial by jury, pleaded guilty, and, notwithstanding the court's admonition, persisted in his plea. The court sentenced each defendant to confinement at the Illinois State Farm for six months; to pay a fine of $300 and costs, and upon default in payment, to stand committed to the State Farm, from the expiration of his term of imprisonment, until he worked out the whole of the fine and costs at the rate of $1.50 per day, or was otherwise discharged. To obtain a review of the record, each defendant prosecutes a writ of error from this court directly to the county court. The contentions made in each case are identical with those urged in the other two, and accordingly the cases have been consolidated for consideration and disposition.

Fourteen errors are assigned but only four of them are argued. They are, first, that the act entitled "An act in relation to the Illinois State Farm," approved June 27, 1923, (Laws of 1923, p. 481), is invalid because it conflicts with the Parole act and violates section 8 of article 2 of the constitution which provides that no person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or

imprisonment otherwise than in the penitentiary; second, that the county court had no jurisdiction to sentence the defendants to the State Farm; third, that the court erred in sentencing the defendants to that institution to work out their fines and costs, and fourth, that the court was without jurisdiction to sentence the defendants to the State Farm because their ages were not found or stated in the judgment.

In the county court neither the validity of the act relating to the Illinois State Farm nor any other constitutional question was raised, and no ruling upon any such question was sought. By their assignments of errors in this court, the plaintiffs in error for the first time challenge the validity of the Illinois State Farm act and of the sentences imposed. A judgment of conviction for a misdemeanor can not be reviewed by this court upon a writ of error to the trial court on the ground that a constitutional question is involved in the case unless that question was in some manner presented to the trial court for decision and preserved for review. (*People* v. *Greene,* 315 Ill. 626; *People* v. *Maffei,* 315 id. 226; *People* v. *Ugo,* 315 id. 74; *People* v. *Berglin,* 309 id. 488; *People* v. *Pierce,* 296 id. 327; *People* v. *Rawson,* 278 id. 654). In *Cummings* v. *People,* 211 Ill. 392, this court said: "It is a rule of universal application that the reversal of a judgment cannot be urged upon a ground not submitted to the trial court, and upon which it did not and was not asked to decide." To the same effect are *People* v. *City of Waukegan,* 344 Ill. 60, and *People* v. *Pettow,* 320 id. 572.

The first contention, in the state of the record, is not available in this court. The remaining contentions are initially reviewable only upon writs of error sued out of the Appellate Court for the Third District. Accordingly the causes will be transferred to that court.

*Causes transferred.*