(No. 30095.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN DWYER, Plaintiff in Error.

*Opinion filed September 18, 1947.*

John Dwyer, *pro se.*

George F. Barrett, Attorney General, of Springfield, (Martin J. Dolan, State's Attorney, of Mt. Vernon, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

March 23, 1945, the defendant, John Dwyer, was indicted in the circuit court of Jefferson county for the crime of buying, receiving and aiding in the concealment of stolen property, particularly described in the indictment, having an aggregate value of $773.50. Five days later, defendant executed a written waiver of his right to a trial by jury. Defendant was represented by counsel of his own choice. Apparently defendant interposed a motion to quash the indictment, as the common-law record discloses that he withdrew his motion to quash previously entered and sought leave to enter his plea of guilty to the crime of receiving

stolen property, as charged in the indictment. The court admonished defendant as to the effect of his plea of guilty but he persisted in the plea. He was sentenced to imprisonment in the penitentiary for a term of not less than one nor more than ten years. After hearing evidence, the court fixed the minimum punishment at one year and the maximum at ten years. Dwyer prosecutes this writ of error. No bill of exceptions has been filed.

Sixteen alleged errors are relied upon for a reversal. Although defendant withdrew his motion to quash the indictment, he now contends that the indictment was void in failing to show the time, place, county, town, city or State from which any property was stolen. The indictment charges that defendant, on January 27, 1945, in Jefferson county, Illinois, unlawfully bought, received and aided in concealing specifically described property belonging to Ernest C. Linsenbardt, well knowing the goods to have been stolen. The indictment was returned conformably to section 239 of division I of the Criminal Code, which ordains: "Every person, who, for his own gain, or to prevent the owner from again possessing his property, shall buy, receive or aid in concealing stolen goods, or anything the stealing of which is declared to be larceny, or property, obtained by robbery or burglary, knowing the same to have been so obtained, shall be imprisoned in the penitentiary not less than one nor more than ten years, or if such goods or other property or thing does not exceed the value of $15, he shall be fined not exceeding $1,000, and confined in the county jail not exceeding one year." (Ill. Rev. Stat. 1945, chap. 38, par. 492.) Section 8 of division X of the Criminal Code, regulating the jurisdiction of courts for different counties in cases of larceny, provides: "Where property is stolen in another state or county, and brought into this state, or is stolen in one county of this state and carried into another, the jurisdiction shall be in any county into or through which the

property may have passed, or where the same may be found." Ill. Rev. Stat. 1945, chap. 38, par. 707.

An indictment charging a defendant with receiving stolen property in Illinois which was stolen in another State is immune to attack upon the ground that it states no offense, as it is immaterial to the crime whether the property was stolen in Illinois, or elsewhere. (*People* v. *McGovern*, 307 Ill. 373.) As pertinently observed in the case cited, "Larceny is a continuing offense, regardless of where the property is brought, and one charged with receiving stolen property in this State is guilty although the property may have been stolen elsewhere." The indictment satisfies the requirements of the statute defining the offense of receiving stolen property. Since the property alleged to have been stolen was charged to have been received by defendant in Jefferson county, the circuit court of that county was vested with jurisdiction to return the indictment and to hear the cause. It does not appear from the record where the property was stolen, but the indictment does charge that the items described as having been stolen were received by defendant in Jefferson county, Illinois, knowing the property was stolen. The unsupported assertions in defendant's brief that he purchased the property described in the indictment in good faith, in St. Louis, Missouri, and without knowledge that the various articles had been stolen, together with other statements of fact, are without any basis in the common-law record. Had defendant desired to make a defense of this character in the trial court, opportunity so to do was open to him and, as recounted, he was represented by counsel.

Defendant insists, however, that section 239 of division I and section 8 of division X of the Criminal Code are unconstitutional in several respects. Illustrative of the character of the constitutional questions urged are the thirteenth and fifteenth errors relied upon for a reversal: "13. The Court erred in failing to sustain the claim of

immunity and failing to quash indictment for that the Act is void in that it provides 'oppressive treatment' for crimes that are not 'infamous' crimes, and is repugnant to the Constitution of the United States, in that the Acts lacks the first principle of Due Process of Law, incorporates out of state non-infamous misdemeanor, if one, and makes it a crime in this state arbitrarily makes it an infamous crime contrary to its own statutary law by presumption and inferrence without legislative enactment." "15. The Court erred in failing to hold the said Acts invalid in this case, and as set forth in the Illinois Statutes, dual, arbitrary, presumptous and repugnant to the rights of petitioner guaranteed by the United States Constitution as above set forth, and further prays, that the Supreme Court of Illinois hold the Acts to be void and of no effect, and that the Indictment laid thereon likewise be held void on petitioner's case due to its interstate nature." We deem sufficient the observation that defendant did not challenge the constitutional validity of any statutory provision in the trial court, and it is too late to raise the question for the first time in this court. (*People* v. *Bute,* 396 Ill. 588; *People* v. *Berglin,* 309 Ill. 488.) Moreover, construing the errors assigned most favorably to defendant, the contentions advanced by him in this court go to the validity of the judgment of conviction and do not present questions involving the constitutional validity of any statute or construction of either the Federal or our State constitution. *People* v. *Brickey,* 396 Ill. 140.

Defendant contends, further, that constitutional guaranties were denied him, asserting that the trial court knew that a confession had been coerced from him by police brutality; that all his efforts to retain counsel following his arrest were denied, and that he was unlawfully held incommunicado sixty days by the sheriff, deputy sheriffs and others, and subjected to continuous inquisition, coercion and distress from the day of his arrest to the day of his

sentence and, as he states in his brief, was not afforded any opportunity to prepare a proper defense according to due process of law. In partial support of these contentions, exhibit "D," purporting to be the commitment letter of the State's Attorney of Jefferson county, dated March 28, 1945, and exhibit "C," an affidavit of Ben Likens, dated April 22, 1945, executed at West Frankfort, are included in the abstract but not in the common-law record. Likens alleges that he was a fellow-inmate of defendant in the county jail of Jefferson county in February, 1945. Statements of defendant himself are also incorporated in the abstract but do not appear in the record. Exhibits "C" and "D" and defendant's statements of fact included in the abstract are not properly before a court of review unless incorporated in a bill of exceptions.

Defendant's contention that he was coerced into making a confession of guilt finds no support in the common-law record. The same observation applies with like effect to charges of (1) denial of the right to obtain counsel following his arrest; (2) an alleged unlawful search of his home and garages and the seizure of private papers, documents and personal effects, and (3) illegal retention of invoices and bills of sale relative to the property described in the indictment, which defendant insists were unlawfully taken from him by the arresting officers. Defendant failed to avail himself of the opportunity to raise these questions in the trial court.

The contentions that the trial judge erred in denying defendant's motions for a new trial and in arrest of judgment are not open to review for the adequate reason, among others, that the record fails to disclose these motions were made and filed in the trial court.

Other contentions urged are devoid of merit and do not warrant discussion. We are constrained to observe, however, that the record in the present cause affirmatively discloses defendant was represented in the trial court by

counsel of his own choice; that he was furnished a copy of the indictment; that he made a motion to quash the indictment; that, thereafter, for reasons known only to himself and his counsel, the motion was withdrawn; that he then requested permission to enter his plea of guilty of the crime of receiving stolen property, as charged in the indictment; that he was admonished as to the effect of a plea of guilty but persisted in the plea, and that, upon acceptance of his plea by the trial judge, he was sentenced in conformity with the statute. The transcript of the record imports absolute verity and cannot be contradicted except by other matters of record by or under the authority of the court. *People* v. *Haupris,* 396 Ill. 208.

The judgment of the circuit court of Jefferson county is affirmed.

*Judgment affirmed.*