(No. 32893.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR V. SAMPSON, Plaintiff in Error.

*Opinion filed November 18, 1953.*

John A. McNamara, of Marseilles, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Harland D. Warren, State's Attorney, of Ottawa, (Wendell Thompson, Fred G. Leach, and Harry L. Pate, of counsel,) for the People.

Mr. Justice Maxwell delivered the opinion of the court:

Plaintiff in error, Arthur V. Sampson, was tried and found guilty by a jury on a charge of infamous crime against nature in the circuit court of La Salle County and was sentenced to the penitentiary for a term of one to ten years. He brings the cause here contending that the proof of guilt was insufficient, the State's Attorney's cross-examination was prejudicial, and the court erred in admitting incompetent and irrelevant exhibits to be introduced into evidence on behalf of the People.

Plaintiff in error, hereinafter called defendant, was a man 46 years old at the time of the alleged offense and operated a gas station, restaurant and grocery store at Seneca, Illinois. The complainant, a boy then 15 years of age, went to work for the defendant in July, 1949, and worked for him until school started in the fall, then worked on week ends. Complainant lived at Ottawa and, not having transportation, he lived with defendant and his mother in their living quarters at the rear of the grocery store,

defendant and complainant occupying a double bed in one bedroom and defendant's mother occupying an adjoining bedroom. The complainant testified that on the night of February 24, 1950, he and defendant went to bed about 11:30 or 12:00 P.M., and defendant committed the unnatural sex act upon him. Upon inquiry by the State's Attorney, over objection by defendant's counsel, the witness then stated that he did not remember if defendant showed him anything that night, but that he usually showed him comic pamphlets with pictures of nude men and women, and "he had sort of a camera thing and it had also naked men and women and he had also some dirty records," and usually showed him such things at bedtime to arouse his sex passion and defendant would then commit an unnatural sex act upon him. The witness then, over defendant's counsel's objection, identified certain obscene pamphlets, pictures and records which were admitted into evidence. The witness also testified that defendant first committed an unnatural sex act upon him about one month after he started working and continued to do so once or twice a week until the last occurrence on February 24, 1950. Complainant stated that after the last occurrence he ceased working for defendant and then, for the first time, disclosed to his grandparents and parents what had transpired.

Two deputy sheriffs testified that they served a warrant for arrest and a search warrant upon defendant on March 11, 1950, and took the exhibits from a dresser drawer in defendant's bedroom and the records from a filing cabinet in his office.

The defendant, testifying in his own behalf, admitted that complainant worked for him, slept with him, and that he drove him back and forth from his home but denied any immoral acts of any kind. He admitted possession of the exhibits, explaining that the pamphlets, pictures and records were left at his store by salesmen, but he could not recall where or how he got the camera. He denied ever

exhibiting any of these things to complainant. Defendant stated he had never been in trouble of any kind before.

Seven character witnesses testified that defendant's reputation for truthfulness and morals was good, and a like number testified in rebuttal for the State that defendant's reputation in the community for chastity, morality and decency was bad.

The defendant here argues that the exhibits were incompetent and improperly admitted in evidence because the proof failed to show they had any connection with the crime alleged to have been committed on February 24, 1950; that they therefore had no probative value but were offered to prejudice the jury against defendant. In support of this argument he cites *People* v. *Bernsee,* 367 Ill. 518. In that case defendant was charged with taking indecent liberties with a female child. Over defendant's objection the court admitted in evidence certain obscene and lewd literature which the evidence showed had been read and exhibited to the complaining witness and other children by defendant's wife about four or six weeks prior to the alleged commission of the offense. The court there said that: "The fact that defendant's wife read these articles to the children a month or more prior to the transaction in question can have no possible probative value in this case and their admission in evidence, being read to the jury and passed around among the jurors, was highly prejudicial and, in our opinion deprived the defendant of any chance for a fair trial on the issue being tried."

The instant case is quite different. Here, complainant testified that it was defendant's custom to exhibit the lewd material to him for the immediate purpose of arousing his sex passions preliminary to the commission of his immoral acts. Although complainant could not recall if defendant used these exhibits on the night of the alleged offense there was evidence from which the jury could find they were an integral part of defendant's plan and method of carrying

on his unnatural sex relations with this fifteen-year-old boy. Proof of previous acts of lewdness are competent, not to prove the alleged offense, but to show the relationship between the parties and the course of conduct of the defendant leading up to the particular offense. *People* v. *Mason,* 301 Ill. 370.

*People* v. *Kraus,* 395 Ill. 233, is singularly similar on the facts to the case at bar. There complainant testified on direct examination that the plaintiff in error had committed acts like the one there charged several times previously covering a period of a year. Answering the objection to the competency of such evidence the court said, at page 237: "The general rule is that proof of other acts is inadequate unless they are a part of the *res gestae.* But an exception, as well established as the rule, is, that in the trial of a defendant for the commission of a crime involving sex relations, evidence of prior offenses between the defendant and the complaining witness is admissible for the purpose of showing the relation of the parties and to corroborate the testimony of the complaining witness concerning the particular act. It has been held proper to introduce evidence of other offenses between the same parties where the crime charged was adultery (*Crane* v. *People,* 168 Ill. 395,) incest, (*People* v. *Turner,* 260 Ill. 84,) and rape. (*People* v. *Gray,* 251 Ill. 431.) On principle there can be no distinction in the application of the rule between a prosecution for any of the crimes enumerated and the offense for which plaintiff in error was convicted." This rule has been reaffirmed in the recent case of *People* v. *Kerney,* 413 Ill. 404.

Defendant complains that the trial court erred in allowing the State's Attorney to engage in highly improper cross-examination which elicited prejudicial testimony. One of defendant's character witnesses was the minister of defendant's church. On cross-examination the State's Attorney, over defendant's objection, was permitted to interrogate this witness as to whether he had not called upon the

grandmother of complainant to induce her to have the charges against defendant dropped. The witness admitted that he had called upon the grandmother in defendant's behalf and in his reply intimated that defendant had admitted his wrong doing and was going to do better. The court allowed defendant's motion to strike his reply.

There is no question that the State's Attorney had the right to cross-examine the witness in regard to his bias, prejudice or interest in the outcome of the suit. (*People v. McGovern*, 307 Ill. 373.) The reply of the witness indicating defendant's admissions to him was not asked for and was no fault of the cross-examiner, and it was immediately stricken from the record by the court. We see no error in this. The defendant argues the "circumstantially incriminating" evidence cannot be erased from the minds of the jurors. That may be true, but defendant cannot complain of a voluntary incriminating statement of his witness for which the prosecution is not responsible and where the court does all within its power to correct it.

It is urged by defendant that the evidence was insufficient to prove him guilty of the offense beyond a reasonable doubt. The direct evidence of the People was composed of the testimony of the complaining witness, corroborated by the lewd material found in defendant's possession. The evidence of the defendant was his denial of the charges and a past free of any record of previous immoral offenses. A question of fact is thus presented to the jury, and the jury's determination of that question should not be disturbed unless this court can say that the proof does not meet the requirements of the law that the evidence be of such character and weight that the jury was justified in believing it. Where the proof consists of the testimony of only one witness, and the charge is denied by the accused, the court should carefully examine and cautiously rely upon that testimony. But the fact that there is but one witness, as is so frequently the case in sex crimes, is not of itself

sufficient to set aside a verdict of guilty. (*People* v. *Boetcher,* 298 Ill. 580; *People* v. *Schoop,* 288 Ill. 44; *People* v. *Zurek,* 277 Ill. 621.) In the instant case the complainant's testimony was direct, positive and plausible. It was corroborated by the finding of the lewd materials in defendant's possession. There was no evidence of malice or hostility in the complainant's attitude or feeling toward the defendant, and no reason appeared why the witness should falsely accuse the defendant. The jury heard the accusation, it heard the defendant's denial and his explanation for the possession of the lewd materials. It apparently believed the complainant and disbelieved the defendant. We think rightly so.

We find no reversible error in the record, and the judgment of the trial court is affirmed.

*Judgment affirmed.*