(No. 37816.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WADE HALE, Plaintiff in Error.

*Opinion filed September 29, 1964.*

JACK JOHNSON, of Vandalia, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and LOUIS A. McLAUGHLIN, State's Attorney, of Vandalia, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Wade Hale was indicted by a Fayette County grand jury for the crime of escape from the Illinois State Farm at Vandalia. Following a jury verdict finding him guilty, defendant was sentenced to a term of two to five years imprisonment in the penitentiary.

While defendant questions several evidentiary rulings relating to a confession and a transcript of the prior conviction, our jurisdiction on direct appeal, if existing, must be found in defendant's contention that he should have been

sentenced pursuant to the provisions of section 31—6(b) of the Criminal Code (Ill. Rev. Stat. 1961, chap. 38, par. 31—6(b)) which state: "A person convicted of a misdemeanor or charged with the commission of a misdemeanor who intentionally escapes from any penal institution or from the custody of an employee of that institution shall be imprisoned in a penal institution other than the penitentiary not to exceed one year", instead of section 5 of the Illinois State Farm Act, (Ill. Rev. Stat. 1961, chap 118, par. 18) which provides: "Whoever being a prisoner at the Illinois State Farm, escapes therefrom, or escapes while in the custody of an employee of the farm, shall be imprisoned in the penitentiary not less than one year nor more than ten years; provided, however, that any sentence of imprisonment imposed upon conviction of any prisoner for so escaping, shall not commence until the expiration of the term which the prisoner was serving at the time of the escape."

It is petitioner's position that his conviction and sentence under the State Farm Act was a violation of section 11 of article II and section 22 of article IV of the Illinois constitution, because the punishment imposed was disproportionate to the offense, and that the distinction between the punishment imposed upon a misdemeanant who escapes from the Illinois State Farm, and the penalty imposed upon a misdemeanant who escapes from any other penal institution is arbitrary and unreasonable, constituting a special privilege for inmates of other penal institutions.

Transfer of this case would be warranted by the failure of defendant to raise the constitutional issue in the trial court. The record indicates only two instances wherein defendant voiced any concern regarding the two statutes, one being defense counsel's statement that he objected to a jury instruction on penalty as not defining the punishment correctly, and a further statement during the hearing on aggravation and mitigation that sentence should be imposed

under the Criminal Code rather than under the State Farm Act. No misgivings as to the constitutionality of either statute were expressed, the sole query being as to which was applicable. We have frequently stated the rule that constitutional questions not presented to, and ruled on by, the trial court will not be considered on review. *People* v. *Orr,* 10 Ill.2d 95 ; *People* v. *Garrison,* 349 Ill. 37.

However, it should be noted that the identical questions here raised were considered by this court in *People* v. *Callicott,* 322 Ill. 390, and determined adversely to defendant. We there held the unique character of the State farm, with no stone or brick walls and minimum security characteristics, differentiating it from other penal institutions, may have prompted legislative imposition of a more severe escape penalty as a deterrent measure, and that the punishment so provided was not constitutionally objectionable. The question was again considered in *People* v. *Landers,* 329 Ill. 453, where we adhered to the *Callicott* ruling.

There being no substantial constitutional question presented, and no other basis for our jurisdiction on direct appeal, the cause is transferred to the Appellate Court for the Fifth Judicial District.

*Cause transferred.*