People of the State of Illinois, Plaintiff-Appellee, v. Joe Lechner, Defendant-Appellant.

Gen. No. 64–95.

Fifth District.

June 24, 1965

Rehearing denied August 5, 1965.

George Ginos, of Hillsboro, and Robert H. Rice, of East St. Louis, for appellant.

Otto E. Funk, State's Attorney, of Hillsboro, for appellee.

GOLDENHERSH, J.

The defendant, Joe Lechner was tried by jury in the Circuit Court of Montgomery County and convicted of the crimes of rape (Ill Rev Stats 1963, c 38, § 11–1), and deviate sexual assault (c 38, § 11–4). He was sentenced to the penitentiary for a term of not less than 3 nor more than 10 years on each offense, the two sentences to run concurrently.

The appeal presents only one question: whether the trial court erred in admitting certain rebuttal testimony. In view of the narrow issue to be reviewed, a statement of the facts is not required. Suffice it to say, this court has carefully examined the evidence adduced at the trial, and the testimony of the prosecutrix is amply corroborated, both by medical evidence, and testimony concerning events prior to the commission of the offense. The People v. Hiller, 7 Ill2d 465, 131 NE2d 25. Unless the admission of the rebuttal testimony was reversible error, the judgment must be affirmed.

The complainant is the mother-in-law of the defendant. The offense charged was allegedly committed on Saturday, April 4, 1964. It is not disputed that on Wednesday, April 8, 1964, defendant's wife, daughter, of the complaining witness, called her mother by telephone. The call was made from Peoria, where defendant and his wife reside, and reached the complainant at a residence in Hillsboro, where she was employed as a baby sitter.

Defendant's wife testified in his behalf. On direct examination she was not interrogated regarding the telephone call. On cross-examination, the state's attorney asked her whether she had called her mother on April 8. She replied that she had, that she called three times before reaching her, and when they talked, her mother was at her place of employment. The cross-examination continued as follows:

"Q. Did you at any such conversation at that time say to your mother that if your mother didn't drop the case that Joe would make you say that your mother was crazy?

A. No sir.

Q. Did you want her to drop the case?

473

A. Yes.

Q. You called her three times that day?

A. Yes, sir.

Q. And you called her from where?

A. From work and from home.

Q. What was the purpose of the call?

A. To try to get her not to ruin our lives by bringing these charges."

In rebuttal, the people called complainant's employer, who testified that when defendant's wife called, he listened to the conversation on an extension telephone. He testified as follows:

"Q. You were testifying concerning a telephone conversation that was made on, to your home on the Wednesday following April 4 of 1964, is that correct?

A. Yes.

Q. And it was a conversation that you heard between Mrs. Lechner and her mother?

A. That's correct. Yes sir.

Q. Now, Mr. Wisdom, did Mrs. Lechner say this over the phone to her mother, that if her mother didn't drop the case that Joe would make Mrs. Lechner say that her mother was crazy?

MR. GINOS: I object, Your Honor, to the question on the ground that it was made out of the presence of the defendant.

THE COURT: The purpose of this is direct rebuttal of some testimony of another witness, is that correct?

A. Yes sir. That's the sole purpose.

THE COURT: Objection overruled.

Q. Did Mrs. Lechner say that?

A. Yes sir."

██ ██ Defendant contends that it was error to admit the rebuttal testimony since it was not relevant to any testimony of the witness whom it was intended to impeach, and further, that the questions on cross-examination were improper, since their sole and obvious purpose was to lay the foundation for the impeaching testimony. Defendant concedes that a witness may be impeached by showing that he has made contradictory statements, but argues that he cannot, in this manner, be impeached as to collateral matters. He urges that such impeaching testimony is not admissible unless the fact which it seeks to prove would be admissible independent of the contradiction. Assuming that defendant has correctly stated the rule, a rule of equal antiquity and honor holds admissible any prior statement which purports to show interest, bias, prejudice or motive of the witness. Vol III, Wigmore on Evidence, Third Edition, Page 694.

In The People v. Sampson, 1 Ill2d 399, 115 NE2d 627, also involving a sex offense, the state's attorney, during the cross-examination of the defendant's character witness, was permitted to ask whether the witness had called on the complainant's grandmother to induce her to have the charge against defendant dismissed. The court, at page 404, in ruling on defendant's contention of error, said: "There is no question that the State's Attorney had the right to cross-examine the witness in regard to his bias, prejudice or interest in the outcome of the suit." It follows that impeachment of the type presented in the case at bar is proper for the same purpose. In The People v. Morgan,

28 Ill2d 55, at page 63, 190 NE2d 755, the court said, "It is well established that evidence of prior inconsistent statements by a witness is admissible to impeach the witness' credibility. Such evidence is not admitted as proof of the truth of the facts stated by the witness, but to cast doubt on the testimony of the witness by showing his inconsistency . . . ." To the same effect are The People v. Moses, 11 Ill2d 84, 142 NE2d 1, and The People v. Smith, 391 Ill 172, 62 NE 2d 669.

Defendant relies upon The People v. Kirkwood, 17 Ill2d 23, 160 NE2d 766, and The People v. Matthews, 18 Ill2d 164, 163 NE2d 469. These cases are clearly distinguishable from the case at bar. Defendant also cites The People v. Pfanschmidt, 262 Ill 411, 104 NE 804. That opinion does not aid defendant, and the court's discussion of the difference between the testimony of the two rebuttal witnesses called to impeach the defendant's witness, Geisel (see pages 462, 463), demonstrates the distinction between collateral issues and proper impeachment. The trial court's ruling on the evidence was correct, and the judgment of the Circuit Court of Montgomery County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J. and MORAN, J., concur.