(No. 41226.—

The People of the State of Illinois, Appellee, *vs.* Jack Luckey, Appellant.

*Opinion filed January 29, 1969.—Rehearing denied March 25, 1969.*

Ward, J., took no part.
Schaefer, J., dissenting.

GERALD W. GETTY, Public Defender, of Chicago, (MARSHALL J. HARTMAN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, ELMER C. KISSANE and DAVID B. SELIG, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In a 1965 jury trial in the circuit court of Cook County, defendant, Jack Luckey, was found guilty of the unlawful sale of narcotics. Because of a previous Illinois narcotics violation, a mandatory sentence of life imprisonment was imposed, pursuant to the terms of section 38 of the Uniform Narcotic Drug Act. (Ill. Rev. Stat. 1965, chap. 38, par. 22—40.) His conviction was affirmed by the appellate court (90 Ill. App. 2d 325) and we granted leave to appeal.

In this court, defendant attacks the constitutionality of the following provision of section 38 which reads:

"Whoever violates this Act by traffic in, selling, prescribing, administering, or dispensing any narcotic drugs, shall be imprisoned in the penitentiary for any term from 10 years to life, and for any subsequent offense shall be imprisoned in the penitentiary for life. Any offense under this Act is a subsequent offense if the violator has been previously convicted of an offense under this Act or any previous Act of this State relating to narcotic drugs or of a felony under any law of the United States or of the District of Columbia relating to narcotic drugs. No probation or suspension of sentence shall be granted to any violator convicted under this paragraph."

He argues that this provision does not classify a person

previously convicted of narcotics violations under the laws of a sister State as a subsequent offender, and that this disparity of classification contravenes the equal-protection clause of the fourteenth amendment.

The State urges that defendant lacks standing to challenge the constitutionality of the provision because he did not raise this issue in the trial court. We agree. From the record, we find that he only questioned the applicability of the mandatory life sentence provision on the ground that his prior conviction in 1954, for possession of narcotic drugs was a misdemeanor and that the statute pertained to a prior felony conviction. The trial judge properly ruled that the provision pertained to previous convictions for any violation of the Illinois Narcotic Drug Act. In short, his argument in the trial court went to the construction of the statute upon which the trial court ruled, and not to the constitutionality of the statute upon which the trial court did not rule. The question of the constitutionality of a statute is properly preserved for review only when it has been raised in and passed upon by the trial court. *People* v. *Hale,* 31 Ill.2d 200; *People* v. *Orr,* 10 Ill.2d 95; *People* v. *Cosper,* 5 Ill.2d 97; *People* v. *Brand,* 415 Ill. 329; *People* v. *Rohde,* 403 Ill. 41; *People* v. *Dwyer,* 397 Ill. 599.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.

Mr. JUSTICE SCHAEFER, dissenting:

The rule that an objection which is not raised in the trial court is thereby waived serves many useful purposes. For example, the record may not contain information that is essential for the determination of the issue. The defect to which the objection is addressed might have been readily cured had it been promptly advanced, and the subsequent course of the trial might have been different if the adversary

had then been made aware of the position belatedly asserted upon review. What amounts almost to a species of entrapment may thus be averted. These, and many other objections of this type can properly be held to have been waived if not advanced in the trial court.

In the case before us, however, no useful purpose is served by the application of the doctrine of waiver. There is no possible way in which the course of proceedings at the trial would have been altered if the present objection had been advanced in the trial court. It is true that we do not have the benefit of the views of the trial judge, as to the constitutionality of the statute, but that has not handicapped the parties in fully presenting to this court the pertinent arguments and authorities upon what is purely a legal issue. In *People* v. *Stoyan* (1917), 280 Ill. 300, the defendant, challenged the constitutionality of the statute under which he was sentenced. This court disposed of the People's contention that the issue had been waived "for the reason that the constitutional question was not raised in the court below" with the following observation: "The constitutional question did not arise until the entry of judgment, and plaintiff in error therefore had no opportunity to raise the question in the trial court." (280 Ill. at 303.) The same position was taken in *People* v. *Gonzales* (1962), 25 Ill.2d 235, 239-240.

All of the possible consequences of the rule of waiver applied in this case are undesirable. Further litigation by way of a proceeding under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, pars. 122—1ff.) will follow, and the time and energies of counsel and the trial court will be required to dispose of the question that is now before us, ripe for decision. From the attitude of the parties in this case, it seems clear that there will be another appeal, with additional expenditure of time, energy and money. If the present doctrine of waiver is applied in the post-conviction proceeding, it will mean that the only avenue by which

the defendant can attack the constitutional validity of the mandatory life sentence he is serving is by charging that he was incompetently represented by the assistant public defender who appeared for him in the trial court. An answer to that charge would not necessarily reach the basic question of the validity of the statute. That issue would then go to the Federal courts in a *habeas corpus* proceeding, and the Federal courts would decide the constitutionality of the statute enacted by the legislature of Illinois.

What has been said is based upon the assumption, acted upon by the majority, that the question was not raised in the trial court. It should be noted, however, that the State has argued the validity of the statute on the merits and has not suggested that the issue is not properly presented for review. The abstract shows that motions for a new trial and in arrest of judgment were made and denied. I do not know what further requirement the majority have in mind.