(No. 20143.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE WASHINGTON, Plaintiff in Error.

*Opinion filed December 18, 1930—Rehearing denied Feb. 4, 1931.*

AMOS P. SCRUGGS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and GEORGE P. O'BRIEN, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Willie Washington, plaintiff in error, was indicted in the criminal court of Cook county for robbery with a dangerous weapon. Upon trial he was found guilty and sen-

tenced to the penitentiary. He has sued out this writ of error to review the record, contending that he was convicted after having been previously placed in jeopardy for the same offense.

The record discloses that on June 11, 1929, a jury was impaneled and sworn and heard the testimony of witnesses in part. It then recites as follows: "On motion of counsel for the defendant it is ordered that juror Reynold H. Drews be withdrawn from the trial of this cause; and by agreement between the State's attorney and the said defendant and his counsel now here given and made in open court, it is ordered that the aforesaid jury be discharged from the further consideration of this cause. It is further ordered that this cause be and the same is hereby continued to the eighteenth (18th) day of June, A. D. 1929." On the latter date, over the objection of counsel for plaintiff in error, another jury was impaneled and the evidence of the People was heard. The testimony of Bessie Harper, the complaining witness, was that while she was walking along the street plaintiff in error came up behind her, seized her, put a razor to her neck and took from her her purse. George Mankowski, a police officer, testified that he was cruising in a police squad car and was in the vicinity at the time; that he pursued plaintiff in error down an alley and captured him, crouching behind a fence with a purse and razor; that plaintiff in error admitted taking the purse from Bessie Harper, and that witness brought him back to where Bessie Harper was and she then and there identified him. No evidence was offered by the defense.

Assuming that jeopardy attached when the jury was sworn to try the issues on June 11, 1929, it appears that the withdrawal of a juror and discharge of that jury were occasioned by the motion and agreement of plaintiff in error and his counsel. He is therefore in no position to challenge the propriety of the court's order discharging that jury and continuing the case, nor can he rely upon it as

making unlawful his subsequent trial and conviction. *People* v. *Fisher,* 340 Ill. 250.

Plaintiff in error contends, however, that the record does not speak the truth, and that, as a matter of fact, the court discharged the first jury of its own motion and without the consent of plaintiff in error or his counsel. While it appears that counsel for plaintiff in error made a motion to correct the record, it further appears that notice of the motion was not given to the People in accordance with the rules of court. Reference is made to certain affidavits submitted in support of this motion, but these affidavits are not in the bill of exceptions. In this state of the record it is impossible to say that the trial court committed any error in denying the motion. (*People* v. *Weston,* 236 Ill. 104.) Elsewhere in the transcript are affidavits of plaintiff in error and his counsel purporting to contradict the recitals of the record by alleging that plaintiff in error and his counsel did not consent to the discharge of the first jury. Even assuming that this court could be called upon to refer to these affidavits although they are not in the bill of exceptions, we are bound by the well settled rule that the record of a court imports absolute verity and cannot be contradicted or amended except by other matter of record by or under the authority of the court. The record of the criminal court must be accepted as it was made. *·People* v. *Forsyth,* 339 Ill. 381; *People* v. *Archambault,* 295 id. 266.

The judgment of the criminal court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*