(No. 20980.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLAYTON HOTCHKISS, Plaintiff in Error.

*Opinion filed December 17, 1931—Rehearing denied Feb. 5, 1932.*

J. B. JISKRA, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOSEPH W. DEPEW, State's Attorney, and J. J. NEIGER, (EDWARD BARRY, JR., of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Plaintiff in error, Clayton Hotchkiss, was indicted, jointly with other defendants named Lacey, Brown and Calvert, at the February term, 1931, of the circuit court of McLean county, for the crime of receiving stolen property. The defendants were tried together and the jury acquitted Brown and convicted the others. Hotchkiss was sentenced to the penitentiary for an indeterminate term, as provided by law, his sentence to commence upon expiration of a jail sentence imposed in another case. By this writ of error Hotchkiss raises no questions for review of the case on its merits, as by his direction all matters relating to instructions and rulings of the trial court upon the evidence were omitted from the bill of exceptions. Only three assignments of error are argued by Hotchkiss, namely, the overruling of his challenge to the array of the petit jury panel, the denial of his motion for a new trial, and the denial of his motion for a separate trial.

The attorney for Hotchkiss presented a written motion challenging the array of the petit jury panel. Among other grounds, the challenge objected to the action of the county board of McLean county which had included women on its jury list at its December, 1930, meeting, prior to the time, July 1, 1931, when it was alleged the act relating to the service of women on juries would be in force and effect. This challenge was signed by the attorney for Hotchkiss but was not sworn to. It was not

accompanied by any affidavits nor was any evidence offered in its support. This failure to support the challenge either by evidence or by affidavits was a fatal omission and justified the trial court in overruling the challenge. (*People* v. *Stevens,* 335 Ill. 415; *Earll* v. *People,* 73 id. 329; *Borrelli* v. *People,* 164 id. 549.) While it is argued that the trial judge saw the women jurors in the court room and thus needed no further evidence in support of the motion, the law is settled that it is necessary that such evidence or proof in support of the challenge must be made and preserved in the bill of exceptions. (*People* v. *Stevens, supra; Earll* v. *People, supra.*) This has not been done, and therefore the action of the trial court in overruling the challenge is not open to review.

To the same effect it is urged that the trial court erred in denying the motion for a new trial. The motion filed is silent concerning the ruling of the trial court on the challenge to the array. By failing to assign error in this respect in his written motion for a new trial plaintiff in error has waived the same and the question is not now open for review. A party making such a motion is limited to the errors assigned in the written motion and all other alleged errors are deemed to have been waived. *People* v. *Petrilli,* 344 Ill. 416; *People* v. *Hatcher,* 334 id. 526; *People* v. *Vickers,* 326 id. 290.

It is further claimed that Hotchkiss was prejudiced because three women sat on the jury which tried his case. The record shows that at least one of them, Mrs. Ora Deetz, was secured on a special venire and no objection or challenge whatever was made as to her. Hotchkiss was not required to take any women on the jury. No jurors, men or women, were challenged for cause. It is apparent that Hotchkiss abandoned his earlier challenge to the array, for he voluntarily accepted the jury which tried the case, including these three women jurors, without objection. If he had cared to object to women on the jury he should

220

have challenged for cause. The record shows that the jury was "duly accepted by both plaintiff and defendant." Under these circumstances Hotchkiss must be deemed to have waived his challenge to the array. *People* v. *Borgstrom,* 70 N. E. (N. Y.) 780.

By his third and last assignment of error Hotchkiss contends that the trial court erred in refusing to grant him a separate trial because one of the co-defendants had been formerly convicted of a felony. The law is well established that a motion for a separate trial in a criminal case is addressed to the discretion of the trial court, and its action in denying the motion is not subject to review unless it clearly appears that there has been an abuse of that discretion. (*People* v. *Fisher,* 340 Ill. 216; *People* v. *Giardiano,* 332 id. 476; *People* v. *Birger,* 329 id. 352.) The record here shows that Hotchkiss and one of his co-defendants, Brown, each filed a motion for a separate trial. The two motions were identical. Both motions were denied. Brown was acquitted by the jury. Neither motion was supported by affidavits or other proof. As it developed on the trial, this co-defendant who had formerly been convicted of a felony was Lacey, since his conviction was offered in rebuttal to impeach his testimony after he had testified for the defendants. The trial court passes on a motion for a separate trial upon the grounds advanced in its support at the time it is made. (*People* v. *Nusbaum,* 326 Ill. 518.) No abuse of judicial discretion is shown in this case by the refusal of the trial court to grant separate trials where no affidavits or other proof was presented with the motion. Since Lacey's criminal record did not prejudice Brown, who was acquitted, it cannot be said that it prejudiced Hotchkiss merely because the latter was convicted. Even where the record shows that one of the defendants is an habitual criminal and has been previously convicted of a felony, this fact is not sufficient to require a severance as to other defendants where it does not clearly appear that such

defendants were prejudiced thereby. *People* v. *Sobzcak,* 286 Ill. 157.

Other contentions are made in behalf of Hotchkiss, one that the testimony of his co-defendant Brown was false and in conflict with the testimony of Hotchkiss. No testimony of Hotchkiss appears in the bill of exceptions. The only testimony preserved for review is that of Brown. It thus cannot be determined whether there was any conflict between the testimony of Hotchkiss and Brown, as contended. The other contentions are of similar character and are likewise without merit. None of the errors assigned would warrant us in disturbing the verdict of the jury.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*