(No. 21520.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. TED PATTERSON, Plaintiff in Error.

*Opinion filed December 23, 1932.*

G. G. GINNAVEN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, H. E. FULLENWIDER, and J. J. NEIGER, (J. M. WELDON, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Ted Patterson, was indicted, tried and convicted in the circuit court of Sangamon county of the crime of robbery while armed with a dangerous weapon. After his motions for a new trial and in arrest of judgment had been overruled he was sentenced to imprisonment in the penitentiary for an indefinite term. He has

sued out a writ of error from this court for a review of the record.

A challenge to the array of jurors was made by plaintiff in error before the trial started and it was denied. The only contention made in this court is that the trial court committed reversible error in that ruling.

In the challenge to the array of jurors it was alleged that the jurors were selected by the board of supervisors in accordance with the provisions of the act of June 17, 1929, providing for women jurors; (Laws of 1929, p. 539;) that said act was unconstitutional and void, and that plaintiff in error was entitled to have a panel of twenty-four male citizens and electors possessing the qualifications provided by the statute from which there might be selected a jury to try him. No affidavits were offered in support of the challenge to array of jurors, but the bill of exceptions shows that plaintiff in error offered in support thereof to prove by the county clerk "that the board of supervisors submitted the names of women and that the clerk of this court drew from the box the names of women and that several women have been summoned to appear as prospective jurors, and that the jury that is now tendered as the array contains the names of approximately ten women, and that the names submitted to us and served by the sheriff are the jurors drawn for this panel." The court then stated that he supposed that there was no question that the facts were as stated in the offer of proof, and the State's attorney said, "No, sir; no question about that," thereby admitting that the facts were as stated in the offer of proof. The record shows that before the jury by which the case was tried was finally selected the regular panel of jurors was exhausted and other jurors were summoned by the sheriff, on the order of the court, from the bystanders and that the jury selected and sworn to try the case was composed of twelve men, but the record does not show how many challenges

for cause or peremptory challenges were made by plaintiff in error in the selection of the jury.

The act of June 17, 1929, providing for a jury list of electors of both sexes, has been held to be unconstitutional and void. (*People* v. *Barnett,* 344 Ill. 62.) The law pertaining to the selection of jurors which was valid and in effect at the time the challenge to the array was made was the law as it existed prior to the passage of the void act of June 17, 1929, and it is clear that in selecting the panel of jurors to which the challenge was made the provisions of the void and unconstitutional act were followed rather than the provisions of the law that was then really in force and effect. In *People* v. *Schraeberg,* 347 Ill. 392, we held that it was reversible error to deny a challenge to the array of jurors when the panel of jurors to which the challenge was made had been selected in accordance with the provisions of the unconstitutional act of June 17, 1929. The decision in that case is decisive of this case, and, as there pointed out, it is immaterial that the record does not show that after the challenge to the array had been denied a challenge for cause was made to each individual juror or that the plaintiff in error exhausted his peremptory challenges.

It is true, as pointed out by defendant in error, that a challenge to the array of jurors, to be effective, must be supported by evidence or proof. (*People* v. *Hotchkiss,* 347 Ill. 217.) In this case the challenge to the array is supported by facts stated to the court by plaintiff in error and admitted to be true by the State's attorney. The admission that the facts stated which it was offered to prove were true obviated the necessity of introducing evidence to prove such facts.

For the error in overruling the challenge to the array of jurors the judgment of the circuit court is reversed and the cause remanded. *Reversed and remanded.*