(No. 25731.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERTHRAM DELISLE, Plaintiff in Error.

*Opinion filed October 15, 1940.*

COHEN, BERKE & GOLDBERG, (MAYER GOLDBERG, and HARRY R. FERTIG, of counsel,) for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

On June 14, 1938, Berthram DeLisle and James Torrello were indicted in the criminal court of Cook county for murder, and Anthony Tondola was charged with being an

accessory after the fact. June 15, A. Jefferson Schultze filed his appearance as attorney for DeLisle and two other attorneys filed appearances in behalf of Torrello and Tondola, respectively. The same day, DeLisle was arraigned and pleaded not guilty. The defendants appeared in open court with their counsel on five different occasions between June 17 and June 30, 1938, inclusive, incident to the entry of orders, among others, assigning the cause, transferring it to the Chief Justice for re-assignment, allowing a change of venue, and granting continuances. Thereafter, on July 6, DeLisle and Torrello obtained leave to withdraw their pleas of not guilty and pleaded guilty. The court admonished them as to their rights and explained the consequences that might result from the pleas of guilty but they persisted in them. It further appears that on July 6, DeLisle presented a petition alleging he was without funds to defend himself and, in consequence, unable to pay an attorney; that he did not desire to avail himself of the services of the public defender but had "engaged" Schultze, and sought the latter's appointment as his attorney conformably to the applicable statute. (Ill. Rev. Stat. 1939, chap. 38, par. 730, p. 1212.) The defendants and their attorneys were present at the hearing on July 7 and 8. On the day last named, DeLisle and Torrello were sentenced to imprisonment in the penitentiary for thirty years. Tondola who had waived a trial by jury was found guilty, as charged. July 11, Schultze filed a notice of a motion that he would present an affidavit of services rendered subsequent to his appointment as attorney for DeLisle and for compensation pursuant to the statute. Orders entered on July 21, 27 and 29, and August 1, staying the *mittimus* and continuing the hearing on the pauper's petition, recite that DeLisle was present in person as well as by counsel. On August 4, 1938, the court designated Schultze as counsel for DeLisle, an indigent person and unable to pay any attorney's fees, *nunc pro tunc* as of July 6, 1938, and directed the county treasurer

to pay the attorney the maximum fee of $250 for legal services, this amount being found to be a reasonable fee for services rendered in the defense of the accused, "as embodied in affidavit of services heretofore presented." De-Lisle, hereinafter referred to as the defendant, prosecutes this writ of error.

To obtain a reversal of the judgment, the defendant contends that since no order was entered with respect to his petition seeking the appointment of counsel during the July, 1938, term of the criminal court, the order of August 4, 1938, is void because entered at a term of court subsequent to the entry of the judgment, without notice to him, and "presumably" after he had commenced to serve his sentence. Defendant insists, accordingly, that the record does not show he was represented by counsel when important steps were taken concerning his trial and sentence.

Assailing the validity of the order of August 4, the defendant invokes the familiar rule that a court does not have power to change or vacate a judgment of conviction after a defendant has commenced his sentence and after the end of the term of court at which he was convicted except to correct errors of fact. (*People* v. *Sprague,* 371 Ill. 627; *People* v. *McKinley,* id. 190.) The order of August 4 does not purport to change or vacate the judgment, and the rule invoked is inapplicable. It is essential, as defendant urges, that an amendment of the record of a cause must be based upon some official or *quasi*-official note or memorandum remaining in the files of the cause or upon the records of the court. (*People* v. *Miller,* 365 Ill. 56; *Hubbard* v. *People,* 197 id. 15.) The defendant is not in a position, however, to challenge the order as the record contains no bill of exceptions showing an objection to its entry. The record imports verity and cannot be contradicted or amended except by other matter of record by or under the authority of the court. (*People* v. *Washington,* 342 Ill. 350; *People* v. *Forsyth,* 339 id. 381.) Since the record of the crim-

inal court must be accepted as it was made, statements made in defendant's brief in contradiction of that record do not afford a basis of impeachment of the propriety of the order attacked.

Section 9 of article 2 of our constitution ordains that in all criminal prosecutions the accused shall have the right to appear in person and by counsel. Implementing the constitutional guaranty, section 2 of division 13 of the Criminal Code provides: "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense." Neither the constitution nor the statute requires, however, that the defendant be present in person at the filing or hearing of motions not involving substantial rights. (*People* v. *Brindley,* 369 Ill. 486; *People* v. *Kidd,* 357 id. 133.) Here, the record affirmatively discloses that defendant, charged with a capital offense, was accorded the privilege of representation by counsel of his own choice, commencing with his arraignment and continuing throughout the proceeding. No claim is made that the services of Schultze, or any other attorney, were denied the defendant, his complaint being merely that the record does not show a valid order appointing Schultze pursuant to the petition of July 6. The fact of representation by counsel, and not the date of the order of appointment, is decisive. Manifestly, the amendment of the record to direct the payment of the statutory fee to the attorney does not involve a substantial right of the defendant, and he was in no way prejudiced by its entry.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*