(No. 28993.—

THE PEOPLE *ex rel.* George Cohen, Petitioner, *vs.* JOSEPH
E. RAGEN, Warden, Respondent.

*Opinion filed January 23, 1946.*

GEORGE COHEN, *pro se.*

GEORGE F. BARRETT, Attorney General, (EDWARD
WOLFE, of Chicago, of counsel,) for respondent.

Mr. JUSTICE GUNN delivered the opinion of the court:

George Cohen, a prisoner in the Illinois State Peniten-
tiary, Joliet branch, filed herein his original petition for
*habeas corpus.* The warden filed his return thereto, and
made a motion to quash the writ, closing the issues. The
petitioner contends his imprisonment is illegal because he
was originally sentenced to the State reformatory at Pon-
tiac, and was transferred to the Illinois State Penitentiary
at Joliet, without notice or a hearing, as required by law.

The facts are briefly stated as follows: In December,
1919, Cohen pleaded guilty in the criminal court of Cook
county to plain robbery. His age appeared to be twenty
years. He was sentenced to the Illinois State Reformatory

at Pontiac "until discharged according to law." His conviction was reviewed in this court and affirmed. (*People v. Cohen*, 307 Ill. 87.) While an inmate of the reformatory petitioner made an application to the Department of Public Welfare requesting a transfer from the reformatory to the Illinois State Penitentiary at Joliet. The Department of Public Welfare then filed its petition in the criminal court of Cook county asking that the court enter an order transferring the petitioner from the Illinois State Reformatory at Pontiac to the Illinois State Penitentiary at Joliet. After a hearing, with the prisoner present in open court, an order was entered on June 7, 1921, and thereafter he was taken from the State reformatory to the State penitentiary. The order entered by the court recites that the petitioner, George Cohen, appeared in court in his own proper person at the time the order was made. September 8, 1924, petitioner was paroled, and executed a parole agreement. September 4, 1925, the parole officer learned the petitioner was in the custody of the police on a charge of participating in a holdup, and issued a parole violation warrant. He was arraigned in the municipal court for preliminary hearing, and, being at liberty on bond, failed to appear. The Parole Board later found he had been convicted in June, 1927, of robbery in the State of New York, and sentenced to thirty years in the penitentiary. In December, 1944, the New York State prison authorities notified the penitentiary officers of Illinois that the prisoner would be released on December 27. Upon his release he was arrested, and in June, 1945, waived extradition, and was returned to the State of Illinois, and incarcerated in the Illinois State Penitentiary at Joliet as a parole violator, where he still remains.

The contention of petitioner is that his transfer from the reformatory to the penitentiary was illegal because he had no notice of the hearing, and he was not present in court at the hearing, and it was merely accomplished by

taking him from one penal institution to another. Respondent has attached to his return a copy of the judgment, and a photostatic copy of the prisoner's application for a transfer from the reformatory to the penitentiary. It appears beyond question the prisoner made the application. The court record shows the petitioner was in open court when the transfer order was made. He attempts to deny his presence in court, but we have held that he cannot, in a proceeding of this kind, show the records of the court do not speak the truth. (*In re Cash,* 383 Ill. 409; *People* v. *Barg,* 384 Ill. 172; *People* v. *DeLisle,* 374 Ill. 437.) The petitioner is in no position to claim error in the proceedings of his transfer from the reformatory to the penitentiary, since he made an application for such transfer.

The requirements of section 11 of the Parole Act of 1917 (Laws of 1917, p. 359,) were fully complied with. There must be a written petition subscribed and sworn to by an officer of the Department of Public Welfare. There must be a date set for a hearing, a copy of the petition served upon the prisoner, and the prisoner must appear in open court. As pointed out above, the record shows the prisoner appeared in person. The record further shows and the court finds that the verified petition was filed in court more than ten days prior to the hearing, that the prisoner was duly served with a copy of the petition showing the time and place of the hearing more than ten days prior to the date of the same, and a finding that the court had jurisdiction of the parties and of the subject matter. The law regulating transfer from the reformatory to the penitentiary was fully complied with. The petitioner, however, attempts to deny the verity of the finding and judgment of the court, and attempts by traverse to show it does not speak the truth. The authorities above cited, and many others, hold that the record of a court imports verity and cannot be contradicted or amended except by other mat-

ter of record or by or under the authority of the court entering it.

The contention of the petitioner is wholly without merit, and the writ of *habeas corpus* heretofore issued out of this court is ordered quashed and the petitioner remanded to the custody of the warden.

*Petitioner remanded.*