(No. 29809.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH HAUPRIS, Plaintiff in Error.

*Opinion filed January 22, 1947.*

RALPH HAUPRIS, *pro se.*

GEORGE F. BARRETT, Attorney General, and DON A. WICKS, State's Attorney, of Woodstock, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

July 19, 1929, the defendant, Ralph Haupris, was indicted in the circuit court of McHenry county for the crime of murder. He first pleaded not guilty. Thereafter, on motion of his counsel, an attorney of his own choice,

defendant was permitted to withdraw temporarily his plea of not guilty and to make a motion to quash the indictment. The motion to quash was made and overruled. Defendant was again arraigned, and, a second time, entered a plea of not guilty. On August 21, 1929, defendant withdrew his second plea of not guilty and entered a plea of guilty. The trial judge admonished and explained to him the consequences of the plea of guilty, but he still persisted in his plea. Evidence was heard on August 22 and 23, defendant and his counsel being present both days. The cause was continued to September 7, 1929, when defendant was sentenced to imprisonment in the penitentiary for a term of seventy-five years. Appearing *pro se,* Haupris prosecutes this writ of error. No bill of exceptions has been filed.

Defendant contends that the trial court was without jurisdiction to proceed to trial and judgment, apparently upon the ground that he was insane; that his plea of guilty should not have been accepted for the reason the trial court knew he was of unsound mind at the time of the perpetration of the crime charged, at the time of the trial, and thereafter; that a sanity hearing should have been ordered before accepting his plea of guilty; that the prejudicial conduct of the trial court prevented him from receiving a fair and impartial trial, and that he was denied due process of law and the equal protection of the laws in contravention of the fourteenth amendment to the Federal constitution.

The cause is before us upon the common-law record, alone. Appended to the common-law record is a letter dated September 9, 1929, purporting to have been written by the trial judge to the superintendent of the Illinois State Penitentiary, conformably to section 6 of the Sentence and Parole Act, as it obtained in September, 1929, (Ill. Rev. Stat. 1929, chap. 38, par. 806,) imposing a duty on the trial judge and, also, the State's Attorney of filing an

official statement with the clerk of the court to be transmitted to the Department of Public Welfare. This letter is certified to by the record clerk of the Illinois State Penitentiary at Joliet. This document does not become a part of the common-law record merely by incorporating it into, or appending it to, the record or, further, by its certification by the record clerk of the penitentiary. (*People* v. *Wooten*, 392 Ill. 542; *People* v. *Lantz*, 387 Ill. 72.) Apart from the fact that the letter satisfies the requirements of the statute, the action of the court subsequent to the rendition of judgment is not properly presented for review by a writ of error seeking to reverse the judgment. (*People* v. *Lalor*, 290 Ill. 234.) The record itself imports absolute verity and can neither be contradicted nor amended except by other matter of record by or under the authority of the court. *People ex rel. Cohen* v. *Ragen*, 392 Ill. 452; *People* v. *Washington*, 342 Ill. 350.

In the absence of a bill of exceptions, there is no basis whatever for a consideration of defendant's assignments of error, all being predicated upon the assumption that he was insane when the crime charged against him was committed and, also, at the time of the trial. The duty and responsibility of raising the question whether an accused was insane at the time of the trial rests upon him and his counsel. (*People* v. *Wagner*, 390 Ill. 384; *People* v. *Hart*, 333 Ill. 169.) To entitle the accused to an acquittal on the ground of insanity, the legal presumption of sanity must be overcome by evidence tending to prove insanity which is sufficient to raise a reasonable doubt of the sanity of the accused at the time of the commission of the crime. (*People* v. *Bacon*, 293 Ill. 210.) There is nothing in the record even tending to suggest that, at any time during the proceedings in 1929, the trial judge, the State's Attorney or defendant's counsel considered him a lunatic. So far as the record discloses, there was no intimation by defendant or his counsel, during the time between the day the indictment

was returned and the day judgment was rendered, that he was considered insane. In short, the record submitted affords no basis even for determining whether a question of insanity was involved.

The judgment of the circuit court of McHenry county is affirmed.

*Judgment affirmed.*