(No. 30008.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALVA JONES, Plaintiff in Error.

*Opinion filed May 22, 1947.*

ALVA JONES, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Alva Jones, was indicted in the circuit court of McLean county for burglary and larceny alleged to have been committed on November 22, 1930. The indictment further charged defendant's previous conviction in 1916 of the crimes of burglary and larceny. A jury found defendant guilty as charged in the indictment, and judgment was rendered on the verdict sentencing him to imprisonment in the penitentiary for life as a habitual criminal.

Appearing *pro se,* defendant prosecutes this writ of error. No bill of exceptions has been filed and the errors relied upon for reversal must be considered upon the common-law record. The pertinent facts, as they appear from the record, are that the grand jury which indicted

defendant on February 6, 1931, included five women among its members; that when arraigned on March 13, 1931, defendant pleaded not guilty, without challenging the array of the grand jury or moving to quash the indictment; that he was tried on March 24, 1931, by a petit jury which included six women among its members, and that he did not challenge the array or challenge any of the women jurors for cause. The record discloses that the petit jurors "were duly accepted by both Plaintiff and Defendant;" that the jury found him guilty as charged in the indictment, and that he was sentenced on June 18, 1931, to confinement in the penitentiary for life.

Seeking a reversal, defendant contends that the presence of women on the grand and petit juries made those bodies illegal and that, as a result, the indictment, trial and conviction were obtained in an illegal manner, and that he was denied due process of law and the equal protection of the laws, in contravention of State and Federal constitutional guaranties.

There is no question but that, under the jury statute then in force, the inclusion of women on the grand and petit juries which indicted and tried defendant was improper. (*People ex rel. Fyfe* v. *Barnett,* 319 Ill. 403.) It appears, however, that defendant did not object to their inclusion on the grand jury, either by a challenge to the array or a motion to quash the indictment, although it affirmatively appears from the record that defendant was "by the Clerk. furnished with a copy of the indictment, list of jurors and witnesses herein" at the time of his arraignment. Similarly, no objection was interposed to the petit jury upon the ground that women were included thereon. Nor does the record reveal any challenges for cause against the women jurors. On the contrary, the record states that the twelve petit jurors finally selected were "duly accepted by both Plaintiff and Defendant." In this state of the record, defendant must be deemed to have

266

waived his objections to the inclusion of the women jurors, and he cannot raise the question for the first time upon review in this court. *People* v. *Hotchkiss,* 347 Ill. 217.

The judgment of the circuit court of McLean county is affirmed.

*Judgment affirmed.*