(No. 29967.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER DAVIS, Plaintiff in Error.

*Opinion filed May 22, 1947—Rehearing denied September 15, 1947.*

ELMER DAVIS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and FRANCIS C. KING, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

By this writ of error plaintiff in error, appearing *pro se,* seeks reversal, on the common-law record only, of two judgments of the circuit court of Rock Island county, entered, March 6, 1931, on his pleas of guilty to two indictments charging him with robbery while armed, sentencing him to the penitentiary for a period of one year to life, sentences to run concurrently. The sufficiency of the indictments and the proceedings leading up to and including the judgments of the trial court are not questioned.

The error assigned is that the trial court tried, convicted and imprisoned plaintiff in error when the court was of the belief and opinion that the defendant was not sane at the time of his trial and conviction. In support of this alleged error plaintiff in error attached to the common-law record a copy of a letter to the Department of Welfare of the State of Illinois, signed by the State's Attorney and the trial judge, in which the following appears: "The defendant's mind seems to be slightly defective, and as to whether or not he can again become a good law-abiding citizen, we are not in position to express an opinion." Plaintiff in error contends that the record thus shows he was insane at the time judgments were entered against him, and because of this the judgments should be reversed. The letter upon which plaintiff in error assigns error is not a part of the common-law record.

Where the case comes on the common-law record only, the only errors which this court may consider are those

arising on such record. *People* v. *Yetter,* 386 Ill. 594; *People* v. *Grant,* 385 Ill. 61; *People* v. *Bertrand,* 385 Ill. 289.

There is nothing in the common-law record to indicate that plaintiff in error was insane. The proffered letter, if it were to be considered, falls far short of a declaration of a belief that plaintiff in error was insane. It is the legal presumption that all men are sane, and it is not necessary for the People in the first instance to prove the sanity of the accused. (*People* v. *Christensen,* 336 Ill. 251; *People* v. *Casey,* 231 Ill. 261.) Insanity is a matter of defense. No such defense appears from the common-law record to have been raised. The record shows no error in any of the proceedings and the judgments of the circuit court are affirmed.

*Judgments affirmed.*