(No. 30883.—)

The People of the State of Illinois, Defendant in Error, *vs.* Edmond Arthur Rohde, Plaintiff in Error.

*Opinion filed March 24, 1949.*

Edmond Arthur Rohde, *pro se.*

George F. Barrett, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Melvin S. Rembe, W. S. Miroslawski, and Arthur F. Manning, all of Chicago, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

On December 7, 1928, the defendant, Edmond Arthur Rohde, was indicted in the criminal court of Cook County for the crime of burglary, alleged to have been committed on November 15, 1928. Upon defendant's request, counsel was appointed to represent him. A jury trial resulted in a verdict finding defendant guilty. Motions for a new trial and in arrest of judgment were overruled, and, on January 29, 1929, defendant was sentenced to the Illinois State Reformatory at Pontiac for an indeterminate sentence. Defendant was allowed thirty days within which to prepare and file his bill of exceptions. No bill of exceptions, however, has ever been filed. Appearing *pro se,* Rohde prosecutes this writ of error.

Defendant contends, first, that section 36 of division I of the Criminal Code, effective July 6, 1927, and in force in January, 1929, (Ill. Rev. Stat. 1947, chap. 38, par. 84,) when judgment was rendered against defendant, fixing the punishment for burglary at imprisonment in the penitentiary for "any term of years not less than one year or for life," violates Federal and State constitutional guarantees. This cause is before us on the common-law record, alone. So far as the common-law record discloses, neither defendant nor his counsel interposed any objection in the criminal court to any action taken before, during, or after the trial. The asserted constitutional question is presented for the first time in this court. Before we consider a question involving the construction of the constitution or the constitutional validity of a statute, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on it must be preserved in the record for review and error must be assigned upon it here. *Housing Authority* v. *Church of God,* 401 Ill. 100; *People* v. *Brickey,* 396 Ill. 140.

Defendant's second contention is that the Sentence and Parole Act of 1917 is invalid and unconstitutional by virtue

of its provisions for general sentences, "which term implies indefinite sentences when viewed in conjunction with the burglary statute." Apart from the fact that the Sentence and Parole Act has been repeatedly held immune to constitutional attack, (*People* v. *Roche*, 389 Ill. 361; *People* v. *Mikula*, 357 Ill. 481; *People* v. *Dwyer*, 324 Ill. 363; *People* v. *Cohen*, 307 Ill. 87; *People* v. *Bernstein*, 304 Ill. 351; *People* v. *Simmons*, 299 Ill. 201; *People* v. *Connors*, 291 Ill. 614; *People* v. *Doras*, 290 Ill. 188,) defendant challenges its constitutional validity for the first time upon review. The contention made is not open to consideration.

Defendant contends, in the third place, that an illegally constituted grand jury presented the indictment and that it is, in consequence, void. He asserts that the names of women and Negroes were excluded from the panels from which both the grand jury and the petit jury were drawn, thereby depriving him of constitutional rights. Under the jury statute in force in December, 1928, and January, 1929, the inclusion of women on the grand and petit juries which indicted and tried defendant was improper. (*People* v. *Jones*, 397 Ill. 264; *People ex rel. Fyfe* v. *Barnett*, 319 Ill. 403.) Moreover, defendant did not interpose any objection to their exclusion from the grand jury, so far as the common-law record discloses, either by a challenge to the array or a motion to quash the indictment, although it affirmatively appears from the record that he was "furnished with a copy of the indictment in this cause, and lists of the names of the witnesses and jurors," at the time of his arraignment. Nor did he make any objection to the petit jury upon the ground that women were not included. In the absence of a bill of exceptions, we cannot determine whether Negro jurors were included on either the grand jury or the petit jury. The common-law record does not show whether there were both white and Negro jurors or whether either jury was composed of all white or all Negro jurors. Upon this state of the record, defendant is deemed

to have waived the objections which he makes here to the alleged noninclusion of women and Negroes on the grand and petit juries. The questions cannot be urged for the first time upon review in this court. *People* v. *Hotchkiss,* 347 Ill. 217.

The remaining contention made by defendant is that the evidence discloses the burglary charged in the indictment was committed on November 16, 1928, rather than on November 15, 1928, the date stated in the indictment. This assertion finds support only in copies of a letter of the State's Attorney to the Supervisor of Pardons and Paroles at Pontiac, dated January 30, 1929, made conformably to the applicable statute, (Ill. Rev. Stat. 1927, chap. 38, par. 806,) the complaint for examination in the municipal court of Chicago, dated November 22, 1929, and in what is captioned "Arrest Slip," dated November 19, 1928. The copies of the State's Attorney's letter, the municipal court complaint and arrest slip are included as appendices to defendant's brief. Even if incorporated in, no one of them constitutes a part of, the common-law record. (*People* v. *Dwyer,* 397 Ill. 599; *People* v. *Davis,* 397 Ill. 397; *People* v. *Haupris,* 396 Ill. 208; *People* v. *Wooten,* 392 Ill. 542; *People* v. *Lantz,* 387 Ill. 72.) Apart from this, the contention is without merit. Although an indictment must allege the commission of an offense on a certain date prior to its return, and it must be a day within the time prescribed by law for the prosecution of the offense, proof of the precise date as alleged is unnecessary unless time is an essential ingredient of the crime or the running of the period of limitation, as the date alleged includes any time within such period. *People* v. *Taylor,* 391 Ill. 11.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*