(No. 31520.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ISADORE HIRSCHBERG, Plaintiff in Error.

*Opinion filed September 21, 1951—Rehearing denied Nov. 19, 1951.*

JAMES E. DANIELS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

In this review, Isadore Hirschberg, plaintiff in error, contends that the second of two judgments of conviction entered against him at one term of the criminal court of Cook County in December, 1946, is too indefinite to comply with the requirements for consecutive sentences. He seeks a ruling that his two sentences are to be served concurrently. An additional record filed by the People shows that the judgment attacked was corrected by a *nunc pro tunc* order entered by the criminal court on November 28, 1950, so that its objectionable features no longer remain. It appears that the error contained in the original judgment order resulted through the inadvertence, mistake and clerical misprision of the clerk of the court, without warrant of authority from the court. The order of November, 1950, correcting the error, was based upon a memorial in the handwriting of the trial judge, and upon an entry in the daybook of the clerk of the court, both memorials having been made at the time that the original judgment was pronounced. In recent months we have had numerous

occasions to hold that a *nunc pro tunc* order, entered in such a manner and upon such a foundation to make the record show the truth, obviates the contention that the judgment as originally entered is indefinite and uncertain. (*People v. Puschman*, 409 Ill. 264; *People v. Trygg*, 409 Ill. 268; *People v. Walker*, 409 Ill. 232). By virtue of these decisions, plaintiff in error is entitled to no relief on the grounds under which his writ of error was originally conceived and presented.

Following the entry of the *nunc pro tunc* order effecting the correction, plaintiff in error filed an additional pleading in this court by which he attacks the legality of the hearing at which said order was entered. It is first contended that the court erred in denying the motion of plaintiff in error's counsel that plaintiff in error be brought from the penitentiary to attend the hearing for the purpose of making "oral remarks," and, second, that the court which held the hearing lacked jurisdiction.

Considering these points in reverse order, plaintiff in error argues that the *nunc pro tunc* order was entered by Judge Harold G. Ward, who presided at the original trial, at a time when he was no longer a judge of the criminal court of Cook County, but was, rather, a judge assigned to the law side of the superior court of Cook County. The argument infers, but does not directly state, that Judge Ward entered the *nunc pro tunc* order while sitting in the superior court, and it is contended that the hearing to correct the judgment was not held by the court which rendered the judgment in the first instance, but was held in the superior court, which had no jurisdiction. There is nothing in the record which supports this contention. Rather, it appears without contradiction that the hearing was held in the criminal court and that Judge Ward signed the *nunc pro tunc* order as a judge of that court. The record imports verity and cannot be contradicted or amended except by other matters of record or under authority of

court. (*People* v. *Washington*, 342 Ill. 350; *People* v. *Forsyth*, 339 Ill. 381.) Since the record must be accepted as it is made and presented to us, statements made in plaintiff in error's brief in contradiction of that record do not afford a basis of impeachment of the propriety of the order attacked. *People* v. *DeLisle*, 374 Ill. 437.

Although counsel does not pursue his argument to a great extent, we presume the contention that it was error for the court to deny the oral motion that the cause be continued so plaintiff in error could appear is based on section 9 of article II of our constitution which ordains that in a criminal prosecution one accused of a crime shall have the right to appear and defend in person. Where the question has arisen, courts have held that such a guaranty does not embrace a requirement that a defendant be present in court at a proceeding which strikes a void part of a judgment, (*Waldon* v. *United States*, 84 Fed. Supp. 449,) or when the court enters an order for the correction of its record. (*Dowdell* v. *United States*, 221 U.S. 325, 55 L. ed. 753.) As pointed out in the *Dowdell case*, the concept of due process, to be satisfied by the general rule giving an accused the right to be present at a criminal prosecution, is to allow him to meet the witnesses face to face and sift the testimony produced against him. In a proceeding to amend a record to make it show the truth, the judge, clerk of court and official reporters are not witnesses against the accused within the meaning of the law, nor are they asked to testify to facts concerning guilt or innocence. The absence of the accused from such a proceeding thus does not constitute a lack of due process within the contemplation of the section of the constitution involved. The function of the court at such a hearing is not to pursue the prosecution further but to make the record of the prosecution show the truth as reflected by the timely and appropriate memorials made during the actual prosecution at which the accused was in attendance.

We conclude that the court committed no error in the present cause in denying the motion that the hearing be continued so that plaintiff in error could appear.

Plaintiff in error's specious argument that his right to a writ of *habeas corpus ad testificandum* should make it incumbent on a court to allow his presence on a mere motion, without securing the writ, is not supported by any rule of law or procedure of which we are aware, nor has any been cited. No right existed in the plaintiff in error to be present at such a hearing, nor did any duty rest upon the court to obtain his presence.

Here, as in *People* v. *Ferguson, ante,* page 87, decided today, we have considered the case as it stands upon the corrected record now before us. What is there said, however, as to the sufficiency of the original record before it was corrected is equally applicable here.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*