(No. 36279.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE EVANS, Plaintiff in Error.

*Opinion filed March 23, 1962.*

ARTHUR L. BERMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This case is before us on a writ of error to review a judgment of the criminal court of Cook County finding the defendant, Willie Evans, guilty of the crime of armed robbery.

The defendant contends that the evidence was insufficient

to establish his guilt beyond a reasonable doubt. The bartender of the tavern where the robbery occurred testified that two men came into the tavern and ordered some liquor and some sandwiches. After the men had been there for about 15 minutes, both of them pulled guns and forced the bartender to open the cash register and surrender the contents of his wallet. The bartender testified that the room was lighted by three flourescent lights and that he had observed both of the men during the 15 minutes that they were seated at the bar. The bartender testified that after the robbery, he gave the police a description of the men who had committed the robbery and told them that one of the men was a light-complexioned negro who was about 6 feet 1 inch tall and weighed about 185 pounds. He was wearing army clothing, including a jacket with one stripe and a red patch on the sleeve. A few days after the robbery, the police called him to view a lineup and he identified the defendant, who at that time was wearing similar clothing. He also identified the defendant in court as one of the robbers.

The defendant testified that on the evening in question he was drinking at several taverns until about ten o'clock when he went to a hotel with a girl friend. He testified that he stayed in the hotel all night but the girl left at about 1:30 A.M. The room clerk from the hotel also testified for the defense, but his testimony did not support the defendant's alibi, since his records showed that a Mr. and Mrs. Willie Evans registered at the hotel at about 2:40 A.M. on the day in question and left at 5:40 of the same morning. Since the robbery occurred at about ten o'clock in the evening of that day, this testimony was of no value in establishing the defendant's alibi. It was stipulated that the defendant had previously been convicted of the crime of armed robbery.

We are of the opinion that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt. The bartender testified that he had ample opportunity to

observe the robbers and he made a positive identification of the defendant at the lineup and in the court room. The defendant's alibi was completely unsupported and his former conviction could properly have been considered by the trial court in determining his credibility.

The defendant further contends that his judgment of conviction should be reversed because there was a variance between the indictment and the proof. The indictment charged that the crime occurred on March 30, and the bartender first testified that the crime occurred on March 31. This variance was immaterial since it is well established that proof of the precise date alleged in the indictment is unnecessary so long as the proof shows that the crime occurred before the indictment was returned and within the period of limitation. (*People* v. *Rohde,* 403 Ill. 41.) The defendant contends, however, that since he was relying upon the defense of alibi, it was important that the precise date be proved. When defendant's counsel informed the trial judge that he intended to rely upon the defense of alibi, the trial judge agreed that the date should be clarified. By leave of court, and over defendant's objections, the State was permitted to reopen its case and the bartender testified that the crime occurred on the last Wednesday in March, which was March 30.

We are of the opinion that the court did not err in permitting the State to reopen its case to clarify this point. The defendant was thereby fully apprised of the exact date the crime occurred and was in position to present his alibi defense.

Guilt in this case was proved beyond a reasonable doubt and we find no prejudicial error in the record. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*