(No. 36790.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRANK RUSSO, Appellant.

*Opinion filed March 23, 1962.*

312

MAURICE J. WALSH, and ANNA R. LAVIN, both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER, WILLIAM L. CARLIN, and LEO F. POCH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Frank Russo, was tried by jury in the criminal court of Cook County in 1934 and convicted of the crime of robbery. In 1961 he filed a motion in the trial court asking that the judgment of conviction be vacated. The motion, was denied without a hearing and the defendant has appealed to this court.

The motion to vacate the judgment alleged that at the time of defendant's conviction he was 19 years of age and was inexperienced in the law and unaware of his constitutional rights to counsel of his own choice. It was further alleged that prior to the conviction an attorney had been retained on behalf of defendant but at the time of the trial this attorney did not appear since he was confined in the county jail on a charge of contempt of court. It was alleged that the Public Defender was appointed to represent defendant, notwithstanding defendant's protestations that he should not be made to stand trial in the absence of his chosen counsel. The motion alleged that defendant was never identified as the perpetrator of the alleged crime and that he was, in fact, innocent of the charge. It further appeared from the motion that he completely served the sentence imposed under that conviction and that he was again convicted in 1952 on another charge and placed on probation which was terminated satisfactorily in 1953. It was alleged that notwithstanding the passage of time and the fact that defendant had completely served the 1934 sentence, he was entitled to the relief sought by the motion because the Immigration and Naturalization Service was seeking to deport him and one of the grounds upon which the deportation order was sought was the 1934 conviction. The defendant therefore contended in the motion that the case was not moot even though he had served his sentence.

His contention that the case is not moot finds support in the decisions of the United States Supreme Court. In *Wiswick* v. *United States,* 329 U.S. 211, 91 L. ed. 196, the defendant was convicted of the crime of conspiracy and

sentenced to imprisonment for a term of 18 months. He had completely served this sentence at the time the case was before the United States Supreme Court for review, but the court held that the writ of *certiorari* would not be dismissed since the judgment of conviction afforded a basis for the defendant's deportation. In *United States* v. *Morgan,* 346 U.S. 502, 98 L. ed. 248, the court held that a person convicted of crime was entitled to a review of the judgment of conviction even though he had served his sentence in view of the fact that the judgment of conviction afforded a basis for increased punishment under the Habitual Criminal Act of the State of New York. We agree with the reasoning of the United States Supreme Court and therefore hold that in view of the alleged threatened deportation of the defendant, the case is not moot even though the defendant has completely served his original sentence.

However, we are of the opinion that the defendant was not entitled to the relief which he sought by his motion. The common-law record of the original conviction shows that the indictment was returned by the grand jury on December 6, 1933. It recites that on December 12, the defendant was arraigned on the charge and that the Public Defender was appointed to represent him, since it appeared to the court that the defendant was not represented by counsel. On January 3, 1934, the case was continued until January 29, on motion of defendant's counsel, and on that date the case was assigned to one of the judges of the criminal court for trial. The case was tried before a jury on that date. The record does not show any appearance by the attorney whom defendant had allegedly retained and does not contain any objection by the defendant to the services of the Public Defender. Except to the extent that extrinsic evidence is permitted under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1959, chap. 38, par. 826), or under section 72 of the Civil Practice Act

(Ill. Rev. Stat. 1959, chap. 110, par. 72), neither of which is applicable here, it is well settled that the record of a court imports absolute verity and cannot be contradicted or amended except by other matters of record by or under the authority of the court. (*People* v. *Jones,* 9 Ill.2d 481; *People* v. *Washington,* 342 Ill. 350; *People* v. *Forsyth,* 339 Ill. 381.) It is also well settled that a motion to vacate a judgment of conviction will not lie after a person convicted of crime has been delivered into the custody of the penitentiary under a *mittimus,* since the court rendering the judgment loses jurisdiction over the case and is without power to vacate, set aside, or modify the judgment. *People* v. *Wakeland,* 15 Ill.2d 265.

The motion to vacate in the present case was filed almost 27 years after the judgment of conviction was rendered and sought to impeach the record of the court by extrinsic evidence. Under the doctrine of the above cases, it is clear that the trial court had no jurisdiction to grant the relief sought by the motion. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*