**People of the State of Illinois, Plaintiff-Appellee, v. Emil Bratu, Defendant-Appellant.**

Gen. No. 54,567.

First District, Third Division.

March 19, 1970.

George B. Collins and Jeffrey Schulman, of Chicago, for appellant.

William J. Scott, Attorney General of State of Illinois, of Springfield (James B. Zagel, Assistant Attorney General, Edward V. Hanrahan, State's Attorney of Cook County, of Chicago, Elmer C. Kissane, and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Emil Bratu, was indicted for the unlawful sale and the unlawful dispensing of narcotic drugs in violation of Ill Rev Stats 1967, c 38, § 22–3. Bratu pled guilty and was sentenced to the penitentiary for con-

current terms of not less than ten years nor more than ten years and one day.

The defendant raises the following contentions on appeal: the trial court failed to determine if his guilty plea was voluntarily entered; he was not fully informed as to the consequences of his plea, and the penalty provisions of the Narcotics Control Act (Ill Rev Stats 1967, c 38, Art 22) are unconstitutional because the title of the Act contains no reference to penalties.

When the defendant's case was called for trial the following colloquy occurred:

Defense Counsel: "Your Honor . . . the defendant has been informed of his rights and he wishes to enter a plea of guilty to both charges."

The Court: "Mr. Bratu, your counsel has advised me that you wish to change your pleas of not guilty to pleas of guilty, is this correct?"

The Defendant: "Yes, sir."

The Court: "When you plead guilty, you automatically waive your right to a jury trial, do you understand that?"

The Defendant: "Yes, sir."

The Court: "Before accepting your pleas of guilty, it is my duty to advise you that on your pleas of guilty to these indictments, one of which charges you with the unlawful sale of narcotic drugs, and the other with dispensing narcotic drugs, you may be sentenced to the penitentiary for a term of years, it may be any number of years not less than ten years. Knowing that, do you still persist in your pleas of guilty?"

The Defendant: "Yes, sir."

■ The defendant contends that the trial court failed to determine if he was voluntarily pleading guilty. He argues that it was the court's obligation to ascertain by affirmative inquiry whether or not any element of coercion brought about his guilty plea. The record shows that Bratu had consulted with his attorney, had been informed of his rights, and had told his attorney that he desired to enter a guilty plea. His counsel so informed the court and he confirmed what his counsel said. The trial court explained that by pleading guilty he would be waiving his right to a jury trial; Bratu said that he understood this. The court then described the nature of the charges pending against him and the sentences possible under his guilty plea. After Bratu persisted in his plea of guilty the court accepted his pleas to both charges. The admonitions of the court adequately and properly advised the defendant of his rights and his responses and the statement of his attorney enabled the court to determine that he understandingly and voluntarily entered his plea of guilty.

■■ The defendant argues that the court's admonitions did not fully apprise him of the consequences of his guilty plea. A guilty plea may be accepted when the court "has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon the acceptance of such plea." Ill Rev Stats 1967, c 38, § 115-2(a)(2). The trial court advised Bratu that he could be "sentenced to the penitentiary for a term of years, it may be any number of years not less than ten years." Bratu contends that this failed to inform him that he could be sentenced for "any term from 10 years to life" as provided by Ill Rev Stats 1967, c 38, § 22-40 or to consecutive, rather than concurrent, sentences. The court's admonition was sufficient. Cf. People v. Scott, 43 Ill2d 135, 251 NE2d 190 (1969).

There was no need for the court to set forth every possible combination of sentences that could be imposed under the statute. The court informed the defendant that he could receive "no less than ten years," thus setting the minimum, and that he could receive "any number of years," thus setting the maximum. Nor was Bratu prejudiced by the court's failure to mention that he might be sentenced to consecutive terms. He received the smallest sentence possible under the statute, ten years to ten years and a day on each charge, to be served concurrently.

■ The defendant did not question the constitutionality of the penalty provisions of the Narcotics Control Act in the trial court. The question of the constitutionality of a statute is properly preserved for review only when it has been raised in and passed upon by the trial court. People v. Luckey, 42 Ill2d 115, 245 NE2d 769 (1969); People v. Orr, 10 Ill2d 95, 139 NE2d 212 (1956). The constitutional question, therefore, is not reviewable. The Supreme Court is of the same opinion. This case, which was appealed to that court, was transferred here for lack of jurisdiction.

The judgment is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.