2 Ill. App.3d 279 (1971)
276 N.E.2d 42
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
CHESTER E. DIXON, Defendant-Appellant.
No. 54944.
Illinois Appellate Court  First District.
November 11, 1971.
*280 *281 John J. Corbett, Jr., of Chicago, for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Terry Gordon, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:
Defendant was charged with two counts of theft by deception. At arraignment, he entered a plea of not guilty. When the cause came on for trial, defendant, represented by private counsel, withdrew his plea *282 of not guilty and entered a plea of guilty. The evidence was stipulated, and defendant was sentenced under a general verdict to a term of five to seven years.
 1-3 On appeal, defendant initially claims that the judgment of conviction imposed on count two of the indictment cannot stand. The State concedes that the second count is defective in that the element of intent is not included. The omission of the element of intent is a substantive error which is not waived by a plea of guilty. (People v. Edge (1950), 406 Ill. 490, 94 N.E.2d 359.) However the State correctly points out that the conviction can stand since "a general verdict of guilty is presumed to be based on any good count in the indictment to which the proof is applicable." (People v. Lymore (1962), 25 Ill.2d 305, 185 N.E.2d 158, cert. denied, 372 U.S. 947.) Since the judgment of conviction and the sentence imposed are proper under the first count, the determination of the trial court can stand.
Defendant additionally contends that he was not properly admonished by the trial court as to his plea of guilty; that the hearing in aggravation and mitigation was improperly conducted; and that his counsel was incompetent. The pertinent facts, as stipulated, are as follows.
Defendant, a real estate broker, entered into negotiations with LeRoy Anderson for the purchase of a certain parcel of real estate. Anderson gave defendant a check for $1000 as earnest money which was to be returned if the owner of the property refused to sell. It was also stipulated that, at the time defendant took the check, he did not intend to lated that, at the time defendant took the check, he did not intend to commence negotiations in Anderson's behalf, and that he intended to permanently deprive Anderson of the use and benefit of the money. The owner refused to sell the property, but only after indictment did defendant return $500 of the original $1000 to Anderson. Defendant entered into the same type of transaction with Pearlie Spells, but returned none of the $1500 earnest money to her.
At the hearing in aggravation and mitigation, the two above named witnesses, along with three other victims, testified under oath about their dealings with defendant. When the fifth witness had completed testimony, the prosecutor informed the court that many more persons were present in the courtroom whom he wished to call in further aggravation. The judge stated that he had "heard enough." However, he permitted fifty-three persons to stand, state their names and the amounts of money involved in their dealings with defendant. The defense made no objection to this procedure. Several witnesses were called by the defense in mitigation to testify to the good moral character and reputation of defendant. Defendant also testified, and stated that he could refute only half of the evidence presented by the State.
*283 Defendant first argues that the trial court's admonishment as to the consequences of his guilty plea was insufficient in that the court neither advised him as to the possibility of consecutive sentences, nor that, implicit in his plea, was a waiver of his right to confront the witnesses against him.
 4, 5 Prior to accepting a plea of guilty, the trial court is required to advise a defendant of the consequences of his plea and the maximum penalty to which he may be sentenced. In the present case, the court informed defendant that he could be sentenced to one to ten years in the penitentiary. Defendant maintains that the admonishment was inadequate since the judge did not mention that he could be sentenced on each count and thus possibly receive a total sentence of twenty years.
In People v. Bratu (1970), 121 Ill. App.2d 439, 257 N.E.2d 607, defendant pleaded guilty to two counts of unlawful sale of drugs. In admonishing defendant after the plea, the trial judge informed him that he could be sentenced to "any number of years not less than ten years." The court subsequently sentenced defendant to ten years to ten years and a day, the minimum sentence possible under the statute. In finding the admonishment adequate, this court pointed out that defendant could show no prejudice from the court's failure to advise him that he could have been sentenced to consecutive terms of ten years. In the case at bar, defendant was sentenced under a general verdict to a sentence of five to seven years. As in Bratu, defendant can demonstrate no prejudice by the failure of the court to mention the possibility of consecutive sentences in its admonishment.
Relying on Boykin v. Alabama (1969), 395 U.S. 238, defendant further argues that the admonishment was inadequate because it failed to inform him that the right to confront the witnesses against him was waived by his plea of guilty. The holding in Boykin, however, merely states that the court cannot presume a valid waiver of the privilege against self-incrimination, the right to trial by jury and the right to confront one's accuser from a silent record. Here, the record is not silent. The court, in addition to advising defendant of the penalty, advised defendant that his plea of guilty waived his right to trial by jury and that there would be no trial.
 6-8 The determination of the voluntary and knowing nature of a guilty plea must include an examination of all the circumstances surrounding the plea. In the instant case, defendant was apprised of the possible penalty, advised that his plea of guilty waived his right to a jury trial and also that there would be no trial. Defendant was properly advised of his rights, and his response to the court's admonitions reflects that he understood clearly the nature of his plea of guilty. Defendant *284 was a college graduate and also claimed some knowledge of the law. Under all the circumstances, we find that defendant's plea of guilty was knowingly and voluntarily made.
We note that above issue could no longer arise because of Supreme Court Rule 402, which was revised and became effective after the instant plea of guilty. The rule now requires the trial court in its admonishment to a defendant after a guilty plea, among the other warnings, to specifically mention the possibility of consecutive sentences and to warn defendant that his plea waives his right to confront witnesses against him.
Defendant next urges that the hearing in aggravation and mitigation was improperly conducted. At the hearing, fifty-three unsworn persons identified themselves and informed the court of the amounts of money involved in their dealings with defendant. Defendant argues that the use of this information in aggravation was error.
 9-11 Defendant failed to object to this procedure in the trial court. He has therefore waived his right to assert any prejudice on appeal. Moreover, when defendant took the stand, he stated that he could refute only half of the statements concerning these transactions. By admitting the validity of that part of the testimony, defendant waived any right to assert error concerning the procedure. (See People v. Daugherty (1969), 106 Ill. App.2d 250, 245 N.E.2d 7.) Additionally, defendant was not prejudiced by the statements of the fifty-three spectator-witnesses. Before any of the fifty-three persons identified themselves, the judge stated that he had heard enough in aggravation. The sentence imposed does not indicate that the court was influenced by the additional statements. Rather, the record shows that the persons were permitted to identify themselves for the record as a courtesy for their court attendance.
 12, 13 Defendant's final argument is that his privately retained trial counsel was incompetent. Where a defendant was represented by the counsel of his choice, a conviction will not be reversed for inadequate representation unless it can be shown from the record that the representation was of such low caliber as to amount to no representation at all, or that it was such as to reduce the trial to a farce. (People v. Strader (1961), 23 Ill.2d 13, 177 N.E.2d 126.) It must be shown that defendant was substantially prejudiced by the alleged errors of counsel. People v. Ashley (1966), 34 Ill.2d 402, 216 N.E.2d 126.
This contention of incompetency is based upon trial counsel's failure to move to quash the second count of the indictment and his failure to object to the statements made by the fifty-three spectator-witnesses. As we have noted, defendant was not prejudiced by failure of counsel to *285 move to quash the defective count. Defendant pleaded guilty and was properly sentenced under the valid count of the indictment. If counsel had moved to quash the defective count, the State immediately would have sought to amend the charge. Similarly, defendant can show no prejudice by virtue of the brief statements of the fifty-three witnesses. The record indicates that the trial judge was not influenced by those additional comments.
 14 In view of the State's evidence and defendant's own admission of guilt, we believe that counsel's conduct was in defendant's best interests. If any of his decisions were incorrect, they could be characterized only as errors in judgment. Such errors in judgment do not constitute incompetency. (People v. Washington (1968), 41 Ill.2d 16, 241 N.E.2d 425.) Neither incompetency on the part of counsel nor prejudice to defendant have been demonstrated in this case.
Accordingly, the judgment of the circuit court is affirmed.
Judgment affirmed.
DEMPSEY and McGLOON, JJ., concur.