THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GAIL ESPARZA, Defendant-Appellant.

(No. 72-177;

Fifth District—April 2, 1973.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Edith James, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the Circuit Court of St. Clair County sentencing her to a minimum of three years and a maximum of five years in the Illinois State Penitentiary after accepting her plea of guilty to the crime of robbery.

She contends that the minimum sentence is excessive.

██ The new Code of Corrections which became effective January 1, 1973 provides that if the prosecution of an offense has not reached the sentencing stage or "a final adjudication", then for purposes of sentencing the sentences under the Code of Corrections apply if they are less than under the prior law upon which the prosecution was commenced. (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1008—2—4.) The Appellate Court for the Fourth District has recently held that cases pending on appeal after the passage of the new Code have not reached "a final adjudication", and that the sentencing provisions of the new Code of Corrections are applicable in such cases. *People v. Lobb*, 9 Ill.App.3d 650; *People v. Mize*, 9 Ill.App.3d 647.

██ Robbery is now classified as a Class 2 felony (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 18—1), and under par. 1005—8—1(c)3 the minimum term of imprisonment is one year, unless the court considers the nature and circumstances of the crime, the history and character of the defendant, and sets a higher minimum term limited nevertheless to one-third of the maximum set by the court. In the instant case, therefore, the minimum sentence should be one-third of the maximum.

Therefore, in accordance with the new Code of Corrections, the sentence in this case is modified and as modified the minimum shall be not less than one year and eight months and the maximum not more than five years. With the sentence thus modified, the conviction is affirmed and this cause is remanded to the Circuit Court of St. Clair County with directions to issue an amended *mittimus* reflecting the foregoing modification.

Conviction affirmed, sentence modified, and cause remanded with directions.

EBERSPACHER, P. J., and CREBS, J., concur.