THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHERYL ANN RUF, a/k/a CHERYL ANN PASNOKOT, Defendant-Appellant.

(No. 73-3;

Fifth District—August 3, 1973.

John R. Sprague, Jr., of Sprague, Sprague & Ysursa, of Belleville, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from judgment entered on a guilty plea to a charge of aggravated battery, by which on August 28, 1972, the defendant, Cheryl Ann Ruf, was denied probation and sentenced to a term of one to three years at the State Reformatory for Women at Dwight.

The plea was entered as a result of negotiations in which the State agreed to dismiss an attempted murder charge based on the same occurrence and to stand mute on defendant's application for probation on the aggravated battery charge to which defendant pleaded guilty.

The facts as described by the record are that on March 6, 1972, at approximately 2 A.M. a fight occurred at Sir Arthur's Lounge in Belleville between Wayne Winter and Jim Sullivan after Winter had made some comment to defendant who was sitting at the bar with Sullivan, a married man with whom defendant lived. Present in the Lounge at the time were 15 persons including defendant. According to some of the witnesses after the participants in the fight had been separated, and according to others before the participants had been completely separated, the defendant stepped around the end of the bar, took a gun from her purse, and shot Winter from the rear through the left shoulder.

Upon the plea being accepted the cause was continued for a presentencing report and probation report and for a hearing on aggravation and mitigation. Such report was presented and appears in the record and attached to it were reports of the police officers who investigated

the crime and statements which were taken by the police from eight persons who were eyewitnesses to the occurrence, other than defendant, Sullivan and Winter. The State's Attorney advised the court in the presence of defendant and her retained counsel that defendant had examined the report, and no objection was voiced to any of the matters stated therein. Whether the report as submitted to defendant included the attached reports and statements cannot be determined from the record, but defendant does not suggest that they were not. The State's Attorney recommended probation. Defendant offered no evidence in mitigation.

The report disclosed that defendant was a 25 year old divorced woman, the mother of two daughters aged 8 and 9 who resided with their paternal grandparents at an address in St. Louis which was unknown to defendant; that defendant was six months pregnant, unemployed due to her pregnancy and had no prior arrests or convictions. Defendant had completed tenth grade and quit school in 1962 to get married. The probation officer concluded (1) that defendant was not likely to commit another offense, (2) the public interest did not require that she receive the penalty provided, and (3) that the rehabilitation of defendant did not require that she receive the penalty provided.

Here defendant contends the penalty is too harsh, that defendant should have been admitted to probation without incarceration, and that the court erred in considering the statements of witnesses attached to the probation report.

The trial court in denying probation and imposing sentence noted that defendant was illegally possessed of a weapon in the Lounge, determined that the fight had ceased and that defendant had intentionally shot the victim in the back, and that there had been no showing to depreciate the seriousness of the offense, and at the same time noting defendant's pregnancy. While the court did not mention the possibility of defendant committing another offense, any necessity to protect society from this defendant, or the possibility of rehabilitation, factors which defendant urges should be considered as provided in Ill. Rev. Stat. 1971, ch. 38, § 117—1, we cannot say that the court gave any consideration to these important factors to be considered in denying probation and imposing a minimum sentence under Ill. Rev. Stat. 1971, ch. 38, § 12—4.

Furthermore, during the pendency of this appeal the Uniform Code of Corrections, (ch. 38, § 1001 *et seq.*) has become effective. Defendant is entitled to have her conviction reviewed in the light of its provisions and have consideration given to receipt of punishment as provided by its provisions. (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.) In addition to reiterating the

factors provided in ch. 38, § 117—1 which has now been repealed, it provides alternatives which were not available to the trial court at the time of sentencing (ch. 38, § 1005—5—3), if the court is of the opinion that a sentence of probation supervision is not appropriate. (Ch. 38, § 1005—6—1.) It also provides for a system of periodic imprisonment to permit a defendant to attend to family needs. (Ch. 38, § 1005—7—1.) We cannot say that a disposition other than that imposed would be inconsistent with the ends of justice.

For these reasons we affirm the conviction, but reverse and set aside the sentence and remand this cause for sentencing under the provisions of the Uniform Code of Corrections.

Conviction affirmed, sentence reversed and cause remanded.

G. MORAN and CREBS, JJ., concur.