THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* TONY PATTERSON *et al.*, Defendants-Appellants.

(No. 73-25;

Third District—March 22, 1974.

Richard Steck, Assistant Appellate Defender, of Ottawa, for appellants.

Martin J. Moltz, of Model District State's Attorneys Office, of Monmouth, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by defendants Tony and Sharon Patterson from a judgment of the Circuit Court of Warren County resulting from their conviction in a jury trial for the illegal delivery of 28.74 grams of a substance containing cannabis. Sharon Patterson was sentenced to 3 years probation conditioned on service of a 60-day term in the Warren County Jail and Tony Patterson was sentenced to not less than 1 nor more than 3 years in the Illinois State Penitentiary.

In this appeal defendants contend that the indictments pursuant to which they were prosecuted were based on an unconstitutional statute which violates due process of law and equal protection of the law by allowing the penalty to be determined by weight unrelated to quantity of cannabis delivered (Ill. Rev. Stat. 1973, ch. 56½, § 705; see also § 706, making delivery equivalent to possession which is punishable). It is further contended that, if the convictions are not reversed on the basis of the constitutional issue, the sentence of defendant Tony Patterson should be vacated and his case remanded for resentencing, (1) on the theory that the trial court abused its discretion in denying Tony Patterson probation while his co-defendant sister, Sharon Patterson, was granted probation, and (2) on the theory that Tony Patterson's sentence should be reconsidered because certain provisions of the Unified Code of Corrections theoretically applicable to a case of the kind before us did not exist at the time Tony's sentence was imposed (see Ill. Rev. Stat. 1973, ch. 38, § 1005—7—1).

■■ The record did not disclose that any attempt was made by defen-

dants to contend that the Cannabis Control Act was unconstitutional at any time during the pendency of this cause in the trial court. Issues of this type normally cannot be raised for the first time on appeal for the purpose of questioning the constitutionality of the penalty provisions of the Cannabis Control Act. (*People v. Bratu,* 121 Ill.App.2d 439, 257 N.E. 2d 607; *People v. Luckey,* 42 Ill.2d 115, 245 N.E.2d 769; *People v. Orr,* 10 Ill.2d 95, 139 N.E.2d 212.) The constitutionality of the statute was never questioned in the trial court and there was also no testimony introduced on behalf of either defendant or the prosecution as to whether any substance other than marijuana was part of the bulk weight, and, if so, whether the weight of the substance not marijuana would have been sufficient to increase the potential penalty for the offense. A court of review also will consider the validity of a statutory provision only at the instance of one who is directly involved thereby unless the unconstitutional nature of the provision is so pervasive as to render the entire act invalid. *People v. Vandiver,* 51 Ill.2d 525, 283 N.E.2d 681.

■■ We have had occasion to consider the issue of constitutionality raised by defendants in this cause in the cases of *People v. Kline,* 16 Ill. App.3d 1017, *People v. Peterson,* 16 Ill.App.3d 1025; and *People v. Campbell,* 16 Ill.App.3d 851. We pointed out in those cases that defendants, such as defendants in the cause before us, are not in position to question the constitutionality of the statute on the record if they are not affected by the provisions challenged or if the statute operates to their advantage. There is nothing in the record to show the amount of any material substance or ingredient other than cannabis which might be involved. Consequently, for the reasons stated, *i.e.,* the failure to challenge the constitutionality of the Act and the failure of the record to show that the features of the Act challenged now have directly affected defendants, we conclude that defendants have not properly raised the issue in this cause. To the extent that the issue is properly raised, we adhere to the conclusions which we had stated in *People v. Kline, People v. Peterson,* and *People v. Campbell* referred to herein.

■■ Defendant Tony Patterson complains that the trial court abused its discretion in denying him probation while granting probation to his sister. We note from the record that the probation officer recommended to the trial judge that probation be denied to Tony Patterson and that it be granted to Sharon Patterson. Tony Patterson was shown to have had three prior misdemeanor convictions. One of the convictions was for driving on a revoked or suspended license for which defendant Tony Patterson was placed on probation, and was actually still on probation at the time he committed the current offense. His sister, on the other hand, had a clean record with the exception of one previous conviction for illegal

possession of alcohol in 1963. She was not on probation at the time of the current offense. Other factors which the court may have considered is that Tony Patterson had been unemployed since 1970 while Sharon Patterson currently had a job. On the basis of the record before us, therefore, we cannot conclude that the trial judge abused his discretion when he denied probation to Tony Patterson.

Another issue raised was that Tony Patterson's sentence should be reconsidered by the trial court in the light of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—7—1). Normally, the only time the defendant is entitled to have his sentence reduced is when the new Unified Code of Corrections provides for a lesser sentence than under the prior law. (*People v. Esparza,* 10 Ill.App.3d 931, 295 N.E.2d 247.) There was no showing that a lesser sentence would have been imposed under the new Unified Code of Corrections for the violation of which Tony Patterson was convicted. Under the Unified Code of Corrections, it is pointed out that one sentencing alternative was "periodic imprisonment". (Ill. Rev. Stat. 1973, ch. 38, § 1005—7—1 and § 1005—4—1.) It is argued that this cause should be remanded to the trial court for reconsideration of the sentence imposed and a determination by the trial court whether the sentencing alternative of periodic imprisonment should be considered or granted as to defendant Tony Patterson.

■■ We do not believe that the sentence imposed by the trial court is unreasonable in any respect or that it might not have been imposed even if periodic imprisonment was available as an alternative. We do not believe that the factors which motivated the decision in *People v. Ruf,* 13 Ill.App.3d 392, 300 N.E.2d 597, are present in the cause before us on the basis of the record.

The convictions and sentences of Sharon Patterson and Tony Patterson are, therefore, affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.