THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH J. ANDERSON, Defendant-Appellant.

(No. 73-91;

Fifth District—September 27, 1974.

Geismann & Ferguson, of Highland, for appellant.

Douglas Marti, State's Attorney, of Greenville (James W. Jerz and Edward N. Morris, both of Model District State's Attorneys Office, of counsel), for the People.

REVISED OPINION UPON DENIAL OF REHEARING

PER CURIAM:

Defendant appeals from a judgment of the trial court sentencing him to a minimum of 1 year and a maximum of 3 years in the penitentiary, entered on his plea of guilty to a charge of possession and a charge of delivery not exceeding 30 grams of a controlled substance, to-wit:

lysergic acid diethylamide (commonly known as LSD) in violation of section 401(c) of the Illinois Controlled Substances Act (.Ill. Rev. Stat. 1971, ch. 56½, par. 1401(c)).

Defendant contends only that the trial court abused its discretion in denying him probation.

The trial judge conducted a long and searching hearing on defendant's eligibility for probation. There were many things in defendant's record which would indicate that he should be granted probation and there were other things which indicated the opposite.

The hearing established that the defendant, prior to the instant case, had a good reputation in his community and that his family's reputation was also unblemished. Those who testified on behalf of the defendant included his former employer, his high school counselor and his minister. All of them testified that the defendant was capable of rehabilitating himself and was a person of good reputation, notwithstanding the offense he had just committed. When specifically asked about imprisonment for the defendant, the minister replied: "I don't think it would serve any good purpose, it would serve as a detriment to his life * * *."

Dr. Theodore Reich, a psychiatrist who conducted a court-approved psychiatric evaluation of the defendant, concluded as follows:

> "Mr. Anderson does not appear to suffer from those psychiatric disabilities associated with repeated anti-social or violent acts. He does not appear to suffer from any psychiatric disability which would interfere with his school performance. Accordingly, it is entirely possible that he would be able to conform his behavior to the requirements of the law. At the present time he denies any sort of drug use and, since he was never addicted to any drug, does not appear to crave it. * * *"

The Bond County probation officer did not dispute either the opinion of the defendant's good reputation or the opinion that defendant could rehabilitate himself without imprisonment.

The record shows also that defendant was a veteran of 4 years' service with the United States Marine Corps, receiving an honorable discharge. His tour of duty included time in South Vietnam where his military record indicates he was an exemplary marine. His awards include numerous medals and he was promoted to the non-commissioned officer rank of sergeant.

However, the record also indicates that the defendant admitted to prior use of drugs and to sales for profit.

While one might disagree with the trial court in denying probation, it does not appear that his decision was reached arbitrarily or capriciously but rather after long and arduous consideration.

However, the trial court did not mention the possibility of defendant committing another offense, any necessity to protect society from this defendant, or the possibility of rehabilitation, factors which should be considered as provided in section 117—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 117—1). Therefore, we cannot say that the court gave any consideration to any of these factors in denying probation.

In *People v. Ruf*, 13 Ill.App.3d 392, 393, 300 N.E.2d 597, this court said:

> "Furthermore, during the pendency of this appeal the Uniform [*sic*] Code of Corrections, (ch. 38, § 1001 *et seq.*) has become effective. Defendant is entitled to have her conviction reviewed in light of its provisions and have consideration given to receipt of punishment *as provided by its provisions.* [*Citations.*] In addition to reiterating the factors provided in ch. 38, § 117—1 which has now been repealed, it provides alternatives which were not available to the trial court at the time of sentencing (ch. 38, § 1005—5—3), if the court is of the opinion that a sentence of probation supervision is not appropriate. (Ch. 38, § 1005—6—1.) It also provides for a system of periodic imprisonment to permit a defendant to attend to family needs. (Ch. 38, § 1005—7—1.) We cannot say that a disposition other than that imposed would be inconsistent with the ends of justice.
>
> For these reasons we affirm the conviction, but reverse and set aside the sentence and remand this cause for sentencing under the provisions of the Uniform [*sic*] Code of Corrections."

For the same reasons in the present case we affirm the conviction, but reverse and set aside the sentence and remand this case for sentencing under the provisions of the Unified Code of Corrections.

Conviction affirmed, cause remanded for resentencing.

Mr. JUSTICE JONES took no part in the consideration or decision of this case.